THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY OWENS, Defendant-Appellant.
Third District   No. 3—89—0632

Opinion filed November 14, 1990.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Michael C. Rolinski, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, Anthony Owens, of criminal trespass to a motor vehicle and unlawful possession of a stolen vehicle (Ill. Rev. Stat. 1989, ch. 38, par. 21—2; ch. 95½, par. 4—103(a)(1)). The trial court subsequently sentenced him to a term of 10 years' imprisonment on the unlawful possession conviction. The court entered a suspended sentence on the criminal trespass conviction. He appeals.

The record reveals that on May 26, 1989, a 1979 Buick Regal was stolen from Michael and Jane Hall's garage. At the defendant's trial, Michael Hall testified that the Buick was in the garage early that morning when he returned home from driving his children to school. The garage door was open at the time. Shortly thereafter, his wife went out to the garage and found that the car was gone. Michael subsequently notified the Bolingbrook police department that the car had been stolen.

Lieutenant Thomas Wolfe of the Bolingbrook police department testified that while he was on patrol that afternoon, he observed a Buick Regal matching the description of the Halls' car parked in a store parking lot. He watched the car and eventually saw the defendant drive it out of the parking lot. Wolfe followed. After traveling a short distance, the defendant drove the car back to the parking lot and began steadily accelerating. Lieutenant Wolfe testified that he then activated his emergency lights and siren, and a chase ensued. He stated that when the Buick landed in a drainage ditch, the defendant attempted to flee on foot but was apprehended.

The jury subsequently found the defendant guilty of criminal trespass to a motor vehicle and unlawful possession of a stolen vehicle.

At the sentencing hearing, the trial court found on the unlawful possession conviction that the Class 2 felony was raised to a Class X felony punishable by not less than 6 nor more than 30 years' imprisonment, because the defendant had two prior felony convictions within the past 10 years. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3(c)(8), 1005—8—1a(3).) In aggravation, the court noted that the defendant had failed to straighten out his life after his first felony conviction, for which he had received probation. It further noted that,

even after his second conviction for unlawful possession of a stolen vehicle, the defendant had not changed his ways, as evidenced by the fact that he had committed the instant offense while on parole for that conviction. The court found no other factors in aggravation. It subsequently sentenced him to a 10-year term of imprisonment for the unlawful possession conviction. On the criminal trespass conviction, the court stated that it was "suspending" the defendant's sentence. We note that the court could not actually "suspend" the defendant's sentence since no sentence was ever imposed. However, it is clear from the context of the court's statement that it was in fact refusing to enter sentence on the criminal trespass conviction.

On appeal, the defendant argues that the trial court erred in considering his two prior convictions as aggravating factors, since it had already used them to elevate the instant offense to a Class X felony.

It is well settled that a sentencing court cannot use a prior conviction to impose an extended-term sentence and also to enhance the seriousness of the offense. (*People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558; *People v. Meyer* (1982), 110 Ill. App. 3d 673, 442 N.E.2d 957.) Once a prior conviction is used to impose an extended-term sentence, the usefulness of the prior conviction for sentencing purposes is exhausted. (*Meyer*, 110 Ill. App. 3d at 679, 442 N.E.2d at 961.) Similarly, a potential aggravating factor for sentencing purposes which is also a necessary element of the offense charged cannot be considered as an aggravating factor in sentencing a defendant. *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.

In the instant case, the trial court used the defendant's two prior convictions to enhance his offense to a Class X felony. It then found that those convictions were the only aggravating factors and sentenced him to a term four years beyond the minimum Class X sentence. We conclude that the court improperly used the defendant's prior convictions twice to doubly enhance his sentence. The defendant is therefore entitled to a new sentencing hearing.

The defendant also argues on appeal that his conviction for criminal trespass to a vehicle should be vacated since it arose out of the same act as his conviction for unlawful possession of a stolen motor vehicle.

Initially, we note that the offense of criminal trespass is committed when a person knowingly and without authority enters any part of or operates any vehicle. (Ill. Rev. Stat. 1989, ch. 38, par. 21–2.) The offense of unlawful possession of a stolen vehicle is committed when a person not entitled to the possession of a vehicle possesses it knowing it to be stolen. Ill. Rev. Stat. 1989, ch. 95½, par. 4–103(a)(1).

In the instant case, the State's theory at trial was that the defendant committed criminal trespass when he entered the Buick in the parking lot. On the unlawful possession charge, the State's theory was that he committed the offense when he then drove the car from the parking lot. However, we find that getting in the car and driving it were part of one continuous act. Accordingly, the same act served as the basis for the two convictions. His conviction for criminal trespass must therefore be vacated. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Moreover, we note that the trial court implicitly found that the convictions were based on the same act since it only sentenced the defendant on the unlawful possession conviction.

Accordingly, the judgment of the circuit court of Will County convicting the defendant of unlawful possession of a stolen vehicle is affirmed, but the defendant's sentence for that offense is vacated and the cause is remanded for resentencing. The defendant's conviction for criminal trespass to a vehicle is vacated.

Affirmed in part; vacated in part and remanded.

SCOTT and GORMAN, JJ., concur.