THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEXANDER OSBORNE, Defendant-Appellant.

Fourth District   No. 4—92—0147

Opinion filed August 27, 1992.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On November 5, 1991, the circuit court of Livingston County entered judgment on a jury verdict finding defendant Alexander Osborne guilty of unlawful possession of a weapon by a person in the custody of the Department of Corrections (DOC) (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b)). He was subsequently sentenced to a term of eight years' imprisonment to run consecutively to a term of imprisonment he was currently serving at the Pontiac Correctional Center (Pontiac). Defendant appeals his sentence, primarily contending the circuit court improperly sentenced him as a Class X offender when (1) he did not receive notice in the indictment that the State was allegedly seeking a Class X sentence; and (2) he was ineligible for sentencing under the Class X provision. In addition, defendant maintains the court improperly used his prior felony convictions twice to doubly enhance his sentence. We conclude defendant was not sentenced as a Class X offender for reasons we will discuss; therefore, we affirm the sentence by the circuit court.

■ Ordinarily, unlawful possession of a weapon by a person in the custody of the DOC is a Class 1 felony (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(d)), punishable by not less than a term of 4 years and not more than a term of 15 years' imprisonment (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(4)). However, a defendant is eligible for sentencing under the Class X provision set forth in section 5—5—3(c)(8) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8)), when, among other things, he has had two prior Class 2 or greater felony convictions, and the commission and conviction dates occurred in the chronological order set forth in the Class X provision. The Class X offender is subject to an en-

hanced sentence of a term of not less than 6 years and a term of not more than 30 years' imprisonment. Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(3).

Here, defendant was charged by indictment, which alleged he "possessed a dagger-like weapon while confined in the Pontiac Correctional Center \*\*\* in violation of Section 24—1.1(b) \*\*\*. (Class 1 Felony \*\*\*.)" At the sentencing hearing the court acknowledged receiving defendant's presentence report, and, although given the opportunity, defendant did not contest the accuracy of the report, other than alleging a few minor errors regarding his name and military history. The prosecutor commented briefly, and based on defendant's criminal history, he recommended a sentence of 12 years' imprisonment. The prosecutor neither at that time nor any other time sought to have defendant sentenced as a Class X offender.

Defense counsel, when suggesting defendant should receive the minimum sentence, mentioned that defendant was eligible for sentencing as a Class X offender due to two prior Class 2 or greater felony convictions. The court then allowed defendant to comment at length prior to imposing the eight-year sentence.

The only indication that defendant was being sentenced as a Class X offender was a brief statement by the court that, "[w]ell, the long and the short of it is, the minimum is six, maximum could be up to thirty or far beyond." As already mentioned, the sentencing range for a Class X offender is not less than 6 and not more than 30 years' imprisonment. The State argues the court merely "parroted" the Class X comment initiated by defense counsel in an effort to discipline the defendant for interrupting. However, the record indicates that the court specifically granted defendant a lenient sentence because he was so cooperative during all the proceedings. The court's comment on the possible range of sentence was apparently an attempt to bring defendant's comments to a close by advising him that, regardless of his reasons for his past criminal conduct, he had to be sentenced for the instant conviction.

More indicative of the court's intention was its remaining comment prior to oral pronouncement of sentence, as follows:

> "Normally, with this record and the seriousness of that offense, possessing a shank, I would give a sentence normally of 12 to 15 years or more. I guess just for the simple fact it bothers me that you are a person that could have made so much of your life, but you have just thrown it away. And I am appreciative of the fact you've never gave [sic] the court any hassle. \*\*\* So I am going to sentence you to eight years in prison consecutive

to your current sentence. *** And I know, still, you don't like eight years. Believe me, that is a lot less than I would normally impose in this type of case."

Although on the surface there is some indication that the court intended to impose a Class X sentence, the court's comments and the record as a whole indicate that defendant was not sentenced as a Class X offender. The court specifically stated that normally, based on the seriousness of the offense of possession of a "shank" while confined in DOC, it would sentence defendant to a term of 12 to 15 years' imprisonment. Thus, the court was speaking of sentences which would be given to offenders who would not necessarily be eligible to be treated as a Class X offender, and then imposing a sentence here much lighter than he would normally give those offenders. The court's focus was clearly on the seriousness of the instant offense and not upon any other convictions which would qualify defendant for Class X status. Those other convictions included one each for murder, voluntary manslaughter, and unlawful use of weapons and two for armed robbery. If the court was then intending to impose a Class X sentence, the court would not likely have completely omitted reference to those other convictions. Other than the court's brief comment concerning the range of sentence, the defense counsel interjected the only suggestion that defendant was eligible for sentencing under the Class X provision.

Furthermore, the court's intention to sentence defendant based on a Class 1 felony is evidenced by its order and judgment on sentence dated and filed on the same day as the oral pronouncement of sentence, which refers to the commission of the instant offense as a Class 1 felony. The oral pronouncement of sentence and the written sentence order are considered one transaction when occurring on the same day. *People v. Tackett* (1985), 130 Ill. App. 3d 347, 474 N.E.2d 451.

Defendant maintains that the court's order and judgment on sentence has no bearing on whether he was sentenced as a Class X offender because the language of the Class X provision reflects that the provision only enhances the sentence to a Class X sentence, and does not change the class of the offense for which defendant was convicted. We disagree. The Class X provision refers to a Class X offender and Class X is listed as a felony classification in section 5—5—1(b)(2) of the Corrections Code. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—1(b)(2).) If the legislature intended to only enhance the sentence without elevating the class of the felony to a Class X felony, the Class X provision would not classify an eligible defendant as a Class

X offender. Moreover, defendant has already admitted the Class X provision elevates the class by previously arguing that the State is required to give notice in the charging instrument of its intent to seek a Class X sentence. Section 111—3(c) of the Code of Criminal Procedure of 1963 (Code) does not require notice in the event of an "increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).

■ Accordingly, based on our conclusion defendant was not sentenced as a Class X offender, there is no merit in defendant's contention that his sentence must be vacated and the cause remanded for new sentencing because the indictment charging him with the instant offense failed to give him notice of the State's alleged intention to seek a Class X sentence as required by section 111—3(c) of the Code. Similarly, there is no merit in defendant's claim that error occurred when the State failed to offer the commission dates of the prior Class 2 or greater felony convictions to prove his eligibility under the Class X provision. Assuming defendant was sentenced under the Class X provision, his presentence report provided a proper basis to determine his eligibility under the Class X provision. Any deficiency of the report regarding the omission of the commission dates must be first brought to the attention of the sentencing court, and failure to do so results in waiver for purposes of appeal. *People v. Williams* (1992), 149 Ill. 2d 467.

We note that defendant correctly points out he was ineligible for sentencing under the Class X provision when his presentence report reflected that the commission and conviction dates of his prior felonies did not occur in the chronological order mandated by the Class X provision. The Class X provision provides, in part, as follows:

> "This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8).

The decisions arising from defendant's prior felony convictions indicate that the first felony that can be considered for purposes of sentencing under the Class X provision was committed on March 3, 1985, and defendant was convicted of that offense on December 11, 1986. The second felony was committed on March 23, 1985, *before* defendant was convicted of the first felony offense; therefore, defendant was not convicted of the first offense before committing the second offense, as required by the statute.

Finally, defendant maintains the court used his prior felony convictions twice, thereby doubly enhancing his sentence, initially to a Class X felony and then to a term of imprisonment beyond the minimum Class X sentence. In *People v. Owens* (1990), 205 Ill. App. 3d 43, 45, 563 N.E.2d 75, 77, the appellate court concluded that the circuit court erred in using that defendant's two prior felony convictions to elevate his offense to a Class X felony, in addition to using those same convictions as aggravating factors in sentencing him to a sentence beyond the minimum Class X sentence. Here, assuming defendant was sentenced under the Class X provision, we deem *Owens* distinguishable because, in *Owens*, that defendant's prior convictions were the only aggravating factors present. Here, the court clearly based defendant's sentence on the seriousness of the offense rather than on his prior convictions. In any event, we have already decided defendant was not sentenced as a Class X offender, and therefore, the court could properly consider defendant's criminal record as an aggravating factor.

For the above-mentioned reasons, we affirm.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.