THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GEORGE EDWARD WARD, Defendant-Appellant.

Third District No. 3—92—0277

Opinion filed April 6, 1993.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, George Edward Ward, pled guilty to criminal damage to property and two counts of burglary (720 ILCS 5/19—1, 21—1 (West 1992)). He was sentenced to concurrent 3- , 20- , and 20-year terms of imprisonment, respectively. The defendant appeals.

The record shows that the defendant broke a plate glass window, entered a commercial building, and then ran out with some candy, change, and a shirt. The items were traced to shops inside the building.

At the sentencing hearing, the trial judge found that the defendant was eligible to be sentenced as a Class X offender because of his prior Class 2 felony convictions. (730 ILCS 5/5—5—3 (West 1992).) The judge then noted the defendant's lengthy criminal record as an aggravating factor and the nonviolent nature of the crimes as a mitigating factor. After being sentenced, the defendant replied, "Twenty years. Are you kidding? *** That's unfair [Y]our [H]onor." The defendant's trial counsel did not file a motion to reconsider sentence, a motion to withdraw the guilty plea, or a notice of appeal.

The defendant subsequently wrote a letter to the trial judge which was treated as a post-conviction petition. In this petition, the defendant alleged he had received ineffective assistance of counsel because his counsel failed to file a motion to reconsider sentence or to withdraw the guilty plea. The defendant also asked that new counsel be appointed to assist him in his post-conviction petition. The court appointed new counsel, who then filed a supplement to the post-conviction petition. The supplement reiterated that the defendant's trial counsel was ineffective for failing to preserve the defendant's rights on appeal.

The trial judge dismissed the post-conviction petition without an evidentiary hearing. He found that "beyond a reasonable doubt [the defendant's] efforts on appeal to have that sentence declared excessive would have failed."

On appeal, the defendant argues that his trial counsel was ineffective for failing to preserve his appellate rights. He further contends that the sentence was excessive because it was based on improper double enhancement and was unduly harsh. He requests that this court address the merits of the excessive sentence issue, find the sentences to be excessive, and reduce them.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable prob-

ability that but for counsel's unprofessional errors, the results of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

■ In the instant case, defense counsel could have preserved the defendant's appellate rights by filing an appropriate motion and, if that motion was denied, a notice of appeal. Because of his failure to do so, we find that his representation fell below an objective standard of reasonableness. Therefore, we find that the first prong of *Strickland* is satisfied.

To examine the second prong of *Strickland,* we must determine whether counsel's unprofessional errors led to a different result. We must therefore address the merits of the defendant's sentencing arguments.

The defendant first argues that his sentence was excessive because it was based upon improper double enhancement.

A sentencing court cannot use a prior conviction to enhance the seriousness of an offense and then use the same conviction as an aggravating factor. (*People v. Owens* (1990), 205 Ill. App. 3d 43, 563 N.E.2d 75.) However, where it can be determined from the record that the weight placed on an improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

■ We find that the trial court erred in relying on all ten convictions in aggravation, since only two of the Class 2 convictions could be used for enhancement purposes. However, we further hold that the error had no impact on the sentence. A review of the record shows that the trial court's concern was that the defendant had a serious record of criminal activity. Even if two convictions were removed from consideration, the eight remaining felony convictions were more than sufficient to support the trial court's finding. (See *People v. Harvey* (1987), 162 Ill. App. 3d 468, 515 N.E.2d 337.) We therefore find that any error was harmless.

The defendant also argues that his sentence was unduly harsh.

The trial court is the proper forum in which a suitable sentence is to be determined, and the trial judge's decision in regard to the sentence is entitled to great weight. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) When it is contended that the sentence imposed in a particular case is excessive, but within the limits prescribed by the legislature, the reviewing court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law in its spirit and purpose, or is mani-

festly in excess of the proscription of the Illinois Constitution. *People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.

The defendant had numerous prior felony convictions. A review of the defendant's record indicates that his probation had once been revoked, his parole had once been revoked, and he had unsuccessfully completed a period of TASC supervision. Finally, the defendant committed the instant offenses just three days after he was paroled from the Department of Corrections. Under these circumstances, we find that the trial judge did not abuse his discretion in sentencing the defendant to a 20-year term of imprisonment.

Because we have found that the defendant's sentence was proper, the second prong of *Strickland* was not satisfied. Therefore, the defendant's trial counsel was not ineffective for failing to perfect a direct appeal of the defendant's sentence. Accordingly, we find that the trial judge properly dismissed the petition without an evidentiary hearing.

Based on the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.