THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY CONTRERAS, Defendant-Appellant.

First District (1st Division)   No. 1—92—0951

Opinion filed February 1, 1993.

Rita A. Fry, Public Defender, of Chicago (Beth I. Solomon, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore F. Burtzos, and Eileen M. O'Neill, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3), then sentenced as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) to a term of nine years' imprisonment. On appeal, defendant contends that his sentence must be vacated because the State did not provide him notice in the charging instrument that it would seek an enhanced sentence upon conviction.

The evidence adduced at trial showed that defendant was identified as one of two men who were apprehended at the scene of a residential burglary at 4342 N. Francisco in Chicago. The evidence further showed that about 3 p.m. on February 4, 1991, a neighbor notified police of a burglary in progress, and when they arrived at the designated address, one of the officers saw defendant in the interior stairway which led to the burglarized apartment. Defendant and another offender then attempted to escape through the roof but were arrested.

In his post-trial motion, defendant asserted that sentencing as a Class X offender would be inappropriate since notice of this possibility was not included in the charging instrument. The trial court rejected his argument; then, based on the uncontested evidence of defendant's separate, prior felony convictions in the sequence required by statute, the court sentenced defendant as a Class X offender to nine years' imprisonment.

On appeal, defendant asserts that his sentence was improper because the State did not comply with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3), which requires that defendant be notified in the charging instrument

of the State's intent to seek an enhanced sentence. Since the State failed to include this notice in the charging instrument, defendant contends that his sentence must be vacated and his cause remanded for sentencing on his Class 1 felony conviction. The State responds that section 111—3 does not apply to the mandatory sentencing provision at issue; and, alternatively, the State says that if this court determines otherwise, the sentence should be affirmed since defendant was not prejudiced by the lack of notice.

■ Section 5—5—3(c)(8) of the Unified Code of Corrections provides for mandatory Class X sentencing once the elements specified therein are satisfied. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8); *People v. Kennard* (1992), 204 Ill. App. 3d 641, 561 N.E.2d 1188.) In this appeal, defendant does not dispute his prior felony convictions or the sequence in which they were committed to establish his eligibility under that statute (see *People v. Williams* (1992), 149 Ill. 2d 467), but he maintains that imposition of the enhanced sentence was erroneous because the State failed to notify him of this possibility in the charging instrument. Defendant has engrafted this notice requirement from section 111—3 of the Code of Criminal Procedure of 1963, which provides in pertinent part:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purpose of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).

Under the well-settled rules of statutory construction, the starting point in any examination is the language of the statute. (*Castillo v. Jackson* (1982), 149 Ill. 2d 165, 594 N.E.2d 323 (and cases cited therein).) In interpreting a statute a court is required to give the language its plain and ordinary meaning. *Maloney v. Bower* (1986), 113 Ill. 2d 473, 498 N.E.2d 1102.

■ Applying these principles to the above-quoted statute, we find that its provisions apply only to those situations where the State in-

tends to enhance the penalty by raising the classification of the offense due to a prior conviction. (See, *e.g.*, retail theft (Ill. Rev. Stat. 1989, ch. 38, par. 16A—10(2)) and criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b)).) The language explicitly excludes those situations, such as the one at bar, where the sentence is increased because of a prior conviction, but the classification of the offense remains the same.

■ In addition, we observe that section 5—5—3(c)(8) of the Unified Code of Corrections contains no notice requirement in contrast to the habitual criminal statute (Ill. Rev. Stat. 1989, ch. 33B—1 *et seq.*), which requires reasonable notice and an opportunity to be heard on the recidivist charge. (*Oyler v. Boles* (1962), 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501.) We also note that the State is not required to give notice of its intent to seek the death penalty prior to trial. (*People v. King* (1986), 109 Ill. 2d 514, 488 N.E.2d 949.) Given the consequences in those situations, as compared to the one at bar, we find support for our conclusion that the State is not required to include notice of its intent to seek an enhanced penalty in the charging instrument.

In sum, where the sentence, but not the classification of offense, was enhanced by defendant's prior convictions, we find no statutory violation in the sentencing procedure employed here where defendant was sentenced as a Class X offender in compliance with *People v. Williams.*

The judgment of the circuit court of Cook County is therefore affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defense of this appeal and incorporate it as part of our judgment.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.