THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE JAMESON *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—91—0454, 1—91—2876, 1—92—0240 cons.

Opinion filed August 17, 1993.—Rehearing denied August 5, 1993.

Rita A. Fry, Public Defender, of Chicago (Ira Churgin, Cheryl K. Lipton, and Julia M. Campbell, Assistant Public Defenders, of counsel), for appellants.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore F. Burtzos, Eileen M. O'Neill, and Michelle R. Martone, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

This is a consolidated appeal arising from the separate trial and convictions of defendants Willie Jameson, Willie Davis and Larry Smith. On the State's motion we consolidated defendants' appeals from those convictions because all three defendants contend that their

enhanced Class X sentences must be vacated because the State failed to give them statutorily mandated pretrial notice of the State's decision to seek such enhancement. Defendant Jameson also questions the sufficiency of the sentencing-hearing evidence permitting such enhancement, but we find this contention to be unavailing in light of *People v. Williams* (1992), 149 Ill. 2d 467, 599 N.E.2d 913.

In docket No. 1—91—2876, following a bench trial in the circuit court of Cook County, defendant Willie Davis was found guilty of the Class 1 felony of possession with intent to deliver 2.4 grams of cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2)), but he was then sentenced as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) to a term of seven years' imprisonment.

In docket No. 1—92—0240, defendant Larry Smith was convicted of the Class 2 felony of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1), in a bench trial, but then sentenced as a Class X offender to a term of 13 years' imprisonment.

In docket No. 1—91—0454, defendant Willie Jameson was also convicted of burglary in a bench trial and sentenced as a Class X offender to a term of 12 years' imprisonment.

All three defendants were sentenced as Class X offenders pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Code), which provides in pertinent part:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).

All three defendants contend that their sentences must be vacated because the State failed to properly notify them of its decision to seek an enhanced sentence under section 111—3 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 111—3). The State replies that such notice was not required under the statute; and in any event, the State urges that defendants' sentences should be affirmed because they did not raise this objection in the trial court where their eligibility for Class X sentencing was established and where they sustained no prejudice as a result.

Section 111—3 of the Code provides in pertinent part:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an increase in the sentence applied within the same level of classification of offense." (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).)

Defendants argue that this section is applicable to their situation and that the failure of the State to plead its intent to seek the enhanced penalty in the charging instrument or in some way provide them with notice of its intent prior to trial deprived them of their right to due process of law requiring that their sentences be vacated. We disagree.

■■ The plain language of this statute shows that its provisions apply to those situations where the State intends to enhance the penalty by raising the classification of the offense due to a prior conviction. By definition, the term "enhanced sentence" specifically excludes those situations, as the one at bar, where the sentence is increased for a crime within the same level of classification of offense. Where the sentence, but not the classification of offense, was enhanced by defendants' prior convictions, there was no statutory violation in the sentencing procedure employed here where defendants were sentenced as Class X offenders in compliance with *People v. Williams. People v. Contreras* (1993), 241 Ill. App. 3d 1023, 609 N.E.2d 949.

The defendants' sentences were enhanced because of their prior convictions, but the offenses of which they were convicted were not raised to a higher classification. (*Cf., e.g.,* retail theft (Ill. Rev. Stat. 1989, ch. 38, par. 16A—10(2)); criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b)).) Thus, by definition, the provisions of section 111—3 requiring that the intention to seek such a higher penalty be included in the charge are inapplicable. But see *dicta* in *People v. Osborne* (1992), 233 Ill. App. 3d 420, 423, 599 N.E.2d 126.

In addition, we observe that the Class X sentencing statute at issue contains no notice requirement, and in this respect contrasts with

the habitual criminal statute (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1), where defendant must first be "adjudged" a habitual criminal (see *Williams*, 149 Ill. 2d at 477-78), and specific procedures followed in order to secure a sentence of life imprisonment (Ill. Rev. Stat. 1989, ch. 38, par. 33B—2). The procedures incorporated therein conform to the ruling of the United States Supreme Court in *Oyler v. Boles* (1962), 368 U.S. 448, 451-52, 7 L. Ed. 2d 446, 450, 82 S. Ct. 501, 503-04, that due process does not require advance notice that the trial on the substantive offense would be followed by a habitual criminal proceeding, although a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge.

In this case where the sentence but not the classification of the offense was enhanced, section 111—3 was clearly inapplicable. Rather, the situation was governed by section 5—5—3(c)(8), which contains no specific notice provision, and the record shows that the procedure employed in the circuit court did not run afoul of the due process ruling of the United States Supreme Court cited above. At the defendants' sentencing hearings their attorneys did not ask for additional preparation time or call the court's attention to any error or omission in the presentence investigation reports or arguments of the State which established defendants' eligibility for sentencing under this statute. Applying the reasoning set forth in *Williams* to this situation, we may properly conclude that defendants had the burden of raising any sentencing deficiencies and they thus waived this issue for purposes of review. (*Williams*, 149 Ill. 2d at 493.) Further, their argument is without foundation or merit.

■ Defendant Jameson has also contended that the State failed to establish, at his sentencing hearing, the dates of commission of the prior offenses which enabled his Class X sentencing.

At defendant Jameson's sentencing hearing the State in aggravation relied upon the presentence investigation report and the criminal history sheet. The State's evidence established, *inter alia*, that in December 1982, defendant was arrested for robbery and in March 1983, he pled guilty to robbery and was sentenced to four years' probation and thirty days in the Illinois Department of Corrections. In August 1985, defendant was arrested and in December 1986 pled guilty to burglary, robbery and theft and was sentenced to three years in the Illinois Department of Corrections. Defendant committed the offense at issue in this cause on August 20, 1989. Subsequent to the State's presentation of defendant's criminal history, defense counsel stated he had reviewed the presentence investigation report and had no corrections or additions to make.

Defendant Jameson now contends that the State failed to prove when these prior felonies were committed so as to meet the statutory requirement that the second conviction be based on an offense committed after defendant's conviction on the first offense. But defendant never raised this issue in the trial court, nor did he object to the State's use of the arrest dates for these convictions, contained in the presentence investigation report, from which to draw the inference as to the proper sequence of these prior convictions. As the supreme court held in *Williams*:

> "Any claimed deficiency or inaccuracy within a presentence report must first be brought to the attention of the sentencing court, and a failure to do so results in waiver of the issue on review." (*People v. Williams*, 149 Ill. 2d at 493.)

Like the court in *Williams*, we find that defendant waived this issue by failing to raise it in the trial court. We also note that the court in *Williams* approved of the use of presentence reports to inform the court of the defendant's criminal history. *Williams*, 149 Ill. 2d at 493.

Accordingly, we affirm defendants' convictions and sentences. As part of this judgment we also grant the State's request that defendants be assessed $50 as costs for the State's defense of this appeal.

Affirmed.

SCARIANO and DiVITO, JJ., concur.