THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKEY MURPHY, Defendant-Appellant.

First District (6th Division)    No. 1—92—1137

Opinion filed March 4, 1994.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago, for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a bench trial, the defendant Rickey Murphy was convicted of the Class 1 felony of possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(c)(2).) Based on his prior convictions, he was sentenced as a Class X offender (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8)) to a six-year prison term. The defendant contends on appeal that his sentence must be reduced or vacated because the State did not provide him notice in the charging instrument that it would seek an enhanced sentence upon conviction.

At trial, the State presented evidence showing that on May 30, 1991, the defendant sold cocaine to an undercover police officer through a mailslot at 5021 South Loomis in Chicago. The officer and his partners then broke down the door and arrested the defendant as he tried to climb out of a window. Codefendant Dexter Bell was also arrested.

At the sentencing hearing, the trial court asked defense counsel whether the defendant's prior convictions made it necessary for him to be convicted as a Class X offender. Defense counsel answered, "I don't know, I have never seen certified copies and nobody has ever

tendered me on the other cases." After examining the evidence of the defendant's prior convictions, the court concluded that a sentence within the Class X range was mandated by section 5—5—3(c)(8) of the Unified Code of Corrections, which provides:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).

The defendant does not challenge the sufficiency of his prior convictions to serve as a basis for sentencing under the mandatory Class X sentencing provision. Rather, he contends that his sentence was improper because the State did not comply with section 111—3(c) of the Code of Criminal Procedure of 1963, which requires that the defendant be notified in the charging instrument of the State's intent to seek an enhanced sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).) Specifically, section 111—3(c) states as follows:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).

The State responds that section 111—3(c) does not apply to the mandatory sentencing provision at issue and cites *People v. Contreras* (1993), 241 Ill. App. 3d 1023, 609 N.E.2d 949, and *People v. Jameson* (1993), 252 Ill. App. 3d 604, 606.

In *Contreras* and *Jameson*, this court considered and rejected the exact contention raised by the defendant in the instant cause. As explained in *Contreras*, the plain language of section 111—3(c) shows that its provisions apply only to those situations where the State intends to enhance the penalty by raising the classification of the

offense because of a prior conviction. (*Contreras*, 241 Ill. App. 3d at 1025-26.) As examples, the court cited retail theft, in which certain types of prior convictions elevate the offense from a Class A misdemeanor to a Class 4 felony (Ill. Rev. Stat. 1989, ch. 38, par. 16A—10(2)), and criminal sexual assault, in which a second conviction elevates the offense from a Class 1 to a Class X felony (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b)). As stated in *Jameson*:

> "By definition, the term 'enhanced sentence' specifically excludes those situations *** where the sentence is increased for a crime within the same level of classification of offense. Where the sentence, but not the classification of offense, was enhanced by defendants' prior convictions, there is no statutory violation in the sentencing procedure employed here where defendants are sentenced as Class X offenders ***." ( *Jameson*, 252 Ill. App. 3d at 606.)

In the present case, the defendant's conviction for possession of a controlled substance with intent to deliver remained a Class 1 felony, despite the fact that his prior convictions mandated sentencing as a Class X offender.

In rejecting the defendant's challenge in *Contreras*, the court contrasted the mandatory Class X sentencing provision with the habitual criminal statute (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1 *et seq.*), noting that the latter expressly requires reasonable notice and an opportunity to be heard on the recidivist charge. (*Contreras*, 241 Ill. App. 3d at 1026.) The court also noted that the State is not required to give notice of its intent to seek the death penalty prior to trial. (*Contreras*, 241 Ill. App. 3d at 1026.) The *Jameson* court relied in part on this reasoning as support for its decision. *Jameson*, 252 Ill. App. 3d 604.

In our view, the decisions in *Contreras* and *Jameson* are dispositive of the issue raised by the defendant. Nothing in the defendant's brief has persuaded us to deviate from that authority. We decline to reduce the defendant's sentence or remand the cause for resentencing.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

EGAN, P.J., and GIANNIS, J., concur.