(No. 76110.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIE JAMESON *et al.*, Appellants.

*Opinion filed October 20, 1994.*

HEIPLE, J., concurring.
HARRISON, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellants.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Theodore Fotios Burtzos and

William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The defendants in this consolidated appeal were separately tried and convicted of various offenses. The defendants were then sentenced as Class X offenders under section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)). The defendants appealed, claiming that their sentences must be vacated because the State did not give them notice in the charging instrument that they would be sentenced as Class X offenders. The appellate court affirmed the defendants' convictions and sentences. (252 Ill. App. 3d 604.) We allowed the defendants' petition for leave to appeal. 145 Ill. 2d R. 315(a).

Defendant Willie Jameson was convicted following a bench trial of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1), a Class 2 felony. At sentencing, the State introduced evidence of Jameson's prior felony convictions. The trial court then sentenced Jameson as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) to a term of 12 years' imprisonment.

Defendant Willie Davis was convicted following a bench trial of possession with intent to deliver 2.4 grams of cocaine (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 1401(c)(2)), a Class 1 felony. At sentencing, the State offered evidence that Davis had numerous prior felony convictions. The trial court then sentenced Davis as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) to a term of seven years' imprisonment.

Defendant Larry Smith was convicted following a bench trial of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1), a Class 2 felony. The State introduced evidence of Smith's prior felony convictions and the trial court sentenced Smith as a Class X offender (Ill. Rev. Stat.

1989, ch. 38, par. 1005—5—3(c)(8)) to a term of 13 years' imprisonment.

All three of the defendants were sentenced as Class X offenders pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)). That section states that a defendant shall be sentenced as a Class X offender if the defendant has previously been twice convicted of a Class 2 or greater class felony, and the commission and conviction dates of the prior felonies fall within the chronological order specified in the statute. Section 5—5—3(c)(8) provides in pertinent part:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).

The defendants here do not dispute that their prior felony convictions made them eligible to be sentenced as Class X offenders under the above statute. (See *People v. Williams* (1992), 149 Ill. 2d 467.) Rather, the defendants assert that their sentences are improper because the State failed to notify them in the charging instrument of its intent to seek a Class X sentence upon conviction. The defendants contend that such notice is required under section 111—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c)). Section 111—3(c) provides:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state

such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purpose of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).

The appellate court determined that section 111—3(c) did not obligate the State to give the defendants notice that they would receive Class X sentences. The appellate court found that section 111—3(c) requires the State to give a defendant pretrial notice only in situations where the State uses a defendant's prior conviction to enhance the classification of offense for which the defendant is convicted. The appellate court found that the legislature, in defining the term "enhanced sentence," specifically excluded situations where the length of the sentence is increased, but the classification of offense for which the defendant is convicted remains the same. The appellate court noted that, under section 5—5—3(c)(8), the length of a defendant's sentence is increased but the classification of offense for which the defendant is convicted remains the same. Thus, the appellate court concluded that the State was not required to give the defendants notice that they would receive Class X sentences.

The defendants argue that the appellate court improperly concluded that section 111—3(c) applies only when a prior conviction is used to elevate the classification of offense for which the defendant is convicted. The defendants argue that the plain language of the statute shows that the State must also give a defendant pretrial notice whenever that defendant, charged with one

offense, may be eligible for a sentence normally imposed for higher classes of offenses because of the defendant's prior convictions. The defendants argue that the definition of an "enhanced sentence" contained in section 111—3(c) encompasses circumstances where a defendant is convicted of one classification of offense, but the sentence imposed is increased to a higher classification of offense because of a prior conviction.

The State responds that section 111—3(c) does not apply to section 5—5—3, the mandatory sentencing provision at issue. The State argues that section 111—3(c) requires the State to give a defendant pretrial notice only when the defendant's prior convictions will enhance the *offense* with which the defendant is charged from one class of offense to a higher classification of offense. For example, notice must be given if the prior conviction elevates the charged offense from a misdemeanor to a felony, or from a lower class felony (*e.g.*, Class 2) to a higher class felony (*e.g.*, Class X). The State points out that all of the appellate court decisions that have considered the issue have rejected the defendants' construction of section 111—3(c). (*People v. Newell* (1994), 259 Ill. App. 3d 819; *People v. Murphy* (1994), 258 Ill. App. 3d 1065; *People v. Harris* (1994), 259 Ill. App. 3d 106; *People v. Cole* (1993), 256 Ill. App. 3d 1; *People v. Contreras* (1993), 241 Ill. App. 3d 1023.) The State notes that all of these decisions have held that section 111—3(c) does not require the State to give defendants pretrial notice that they would receive Class X sentences pursuant to section 5—5—3 because of prior felony convictions.

I

In construing section 111—3(c), we must ascertain and give effect to the legislature's intent. (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230; see 2A N. Singer, Sutherland on Statutory Construc-

tion § 45.05 (5th ed. 1992).) Ordinarily, the language of the statute provides the best evidence of the legislature's intent. (*Wilcoxon*, 127 Ill. 2d 230.) In the instant case, both the defendants and the State submit that the language of section 111—3(c) is clear and unambiguous. The parties, however, offer conflicting interpretations for this supposedly clear and unambiguous language. The defendants argue that the language of section 111—3(c) clearly requires the State to notify a defendant that he is eligible to receive a mandatory Class X sentence pursuant to section 5—5—3(c)(8), while the State argues that the same language clearly indicates that no notice is required in such circumstances.

Our review of section 111—3(c) persuades us that the language used therein is not clear and unambiguous. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. (2A N. Singer, Sutherland on Statutory Construction § 45.02 (5th ed. 1992).) Section 111—3(c) may reasonably be construed both in the manner that the State proposes and in the manner that the defendants propose. Where the language of a statute is ambiguous, it is appropriate to consider other sources to ascertain the legislature's intent. *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.

When the language of section 111—3(c) is considered in light of the legislative history of that statute, it is evident that the legislature intended that statute to reach those instances in which a prior conviction elevates the classification of the *offense* with which a defendant is charged and convicted, rather than simply the sentence imposed. The legislature did not intend to require the State to give defendants pretrial notice that they would be sentenced as Class X offenders pursuant to section 5—5—3.

During the debates over the bill in the House of

Representatives, Representative Homer stated that the bill applied to "cases where the State's Attorney has *charged someone with an upgraded offense* as a result of a prior conviction for the same offense." (Emphasis added.) (86th Ill. Gen. Assem., House Proceedings, April 17, 1989, at 7.) Representative Homer gave as an example the retail theft statute, in which a second conviction elevates the offense from a misdemeanor to a felony.

Representative Homer noted that there were more than two dozen statutes in the Criminal Code, similar to the retail theft statute, that permit a defendant to be charged with an upgraded offense when that defendant has a prior conviction for the same offense. (See Appendix.) Representative Homer also suggested that the purpose of section 111—3(c) was to clarify the confusion that existed in the Criminal Code concerning the procedures the State must follow when drafting a charging instrument.

When Representative Homer's comments are considered in conjunction with the 26 statutes he referred to, it is apparent that the legislature intended section 111—3(c) to serve as a general, "catch-all" notice provision, requiring the State to give notice in the charging instrument whenever a defendant will be *charged* with a higher classification of offense because of prior convictions. A general notice provision was needed because only 9 of the 26 statutes which permit the State to elevate an offense to a higher classification of offense based upon a prior conviction include a provision within the statute requiring the State to notify the defendant of its intent to elevate the classification of offense because of a prior conviction. (See 720 ILCS 5/11—14(b), 11—15(b), 11—17(b), 11—18(b), 11—19(b), 12—13(b), 16—1(b)(2), 16—5(c), 16A—10(2) (West 1992).) The notice provisions in these nine statutes are almost identical to the notice provision contained in section 111—3. The

remaining statutes, which similarly allow the State to increase the offense classification when a defendant has a prior conviction, do not contain a notice provision. (720 ILCS 5/11—17.1(c), 12—4.3(a), 12—15(d), 12—20(a), 16—3.1(b), 16—14(d)(2), 16—15(d), 16D—3(b)(2), 16D—3(b)(3), 17—1(B)(e), 17—2(d), 17—11, 21.2—4, 24—1, 26—1(b), 28—1(c), 635/4 (West 1992).) The legislature enacted section 111—3(c) as a catch-all notice provision, thereby requiring the State to notify a defendant in *all* cases where it intends to charge the defendant with a higher classification of offense based on the defendant's prior convictions for that same offense.

The legislature enacted section 111—3(c) to ensure that a defendant received notice, before trial, of the *offense* with which he is charged. The Governor's amendatory veto, which added the third sentence to section 111—3(c) to define the term "enhanced sentence," was intended to reflect the legislature's intent in this regard. There is no evidence that the legislature intended to require the State to give a defendant pretrial notice of the possible *sentence* (*e.g.*, under section 5—5—3) that he might receive. In fact, the definition of the term "enhanced sentence" clarifies that the notice requirement in section 111—3(c) does not apply in circumstances where the sentence is increased because of a prior conviction, but the classification of the offense remains the same.

Construing the ambiguous language in section 111—3(c) in light of the legislative history of that section, it is apparent that the legislature did not intend to require the State to notify defendants that they would be sentenced as Class X offenders. Under section 5—5—3(c)(8), a defendant's sentence is increased because of prior felony convictions, but the classification of offense with which the defendant is charged and convicted remains the same. Thus, section 111—3(c) does not

require the State to give a defendant pretrial notice that his sentence will be increased pursuant to section 5—5—3.

Construing section 111—3(c) as requiring pretrial notice only when a prior conviction will raise the classification of the offense, but not the sentence imposed, does not violate the due process rights of the defendants. Section 111—3(c) ensures that a defendant receives pretrial notice that the State is charging the defendant with a higher classification of offense because of a prior conviction. A criminal defendant has no corresponding due process right to receive pretrial notice of the sentence he will receive upon conviction. The United States Supreme Court has held that due process does not require that a defendant be notified *in advance of trial* that he could receive an increased sentence based upon his prior criminal convictions. (*Oyler v. Boles* (1962), 368 U.S. 448, 452, 7 L. Ed. 2d 446, 450, 82 S. Ct. 501, 504 (although defendant must receive reasonable notice and an opportunity to be heard on the recidivist charge, such notice need not be given prior to trial on the underlying substantive offense).) We also note that neither our legislature nor our courts have required the State to give a defendant notice in *advance of trial* that the State intends to seek a particular sentence upon conviction, even where the sentence imposed may be severe. (See *People v. King* (1986), 109 Ill. 2d 514 (defendant not entitled to pretrial notice of the State's intent to seek the death penalty); *People v. Levin* (1993), 157 Ill. 2d 138 (defendant not entitled to pretrial notice that the State intends to seek a natural life sentence under the Habitual Criminal Act).) As the State points out, it would be incongruous to hold that the legislature intended to require the State to give defendants pretrial notice of mandatory Class X sentencing under section 111—3(c) when the legislature has not required the

State to give defendants pretrial notice of a possible sentence of natural life or death.

For the reasons discussed above, we conclude that the State was not required, under section 111—3(c) of the Code of Criminal Procedure, to give the defendants pretrial notice that they would be sentenced as Class X offenders under section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)).

## II

The defendants urge, in the alternative, that this court reinstate its December 1, 1993, order directing the circuit court to amend the mittimus of each of the defendants involved in this appeal to reflect that they were not convicted of Class X offenses. Both the State and the defendants agree that the defendants were not convicted of Class X offenses in the instant causes. Accordingly, this court reinstates its December 1, 1993, supervisory order remanding this cause to the circuit court of Cook County with directions to amend the mittimus of each defendant to reflect that he was not convicted of a Class X crime. The judgment of the appellate court is affirmed.

*Appellate court affirmed;*
*cause remanded with directions.*

JUSTICE HEIPLE, concurring:

I would join fully in the majority opinion except that it finds statutory ambiguity where none exists. (Ill. Rev. Stat. 1989, ch. 38, pars. 111—3, 1005—5—3(c)(8).) The majority's resort to legislative history in reaching its ultimate decision is, thus, both unwarranted and unnecessary.

Section 111—3 imposes no notice requirement unless a prior conviction raises the offense charged to a higher classification. Thus, section 5—5—3(c)(8) is not impli-

cated here since it merely deals with the length of the sentence and does not change the classification.

Where the language of a statute is clear, there is no justification for delving into the statute's legislative history. The plain language of a statute must be taken at face value. In such cases, it is wholly immaterial what any Senator or Representative may have had to say about the legislation. (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230.) Fortuitously, the legislative history in this case supports the clear language of the statute. Thus, the majority reaches the correct result, albeit by a faulty method of analysis. Accordingly, I concur in the judgment of the court, but not its rationale.

JUSTICE HARRISON, dissenting:

All three defendants were convicted of Class 1 or 2 felonies, but were sentenced as if they had committed Class X felonies because of their prior convictions. This situation falls squarely within the terms of section 111—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c)), which requires the State to give notice in the written charge whenever it intends to seek an enhanced sentence based on a defendant's prior conviction. Because defendants did not receive the requisite notice here, their sentences should be vacated, and the causes should be remanded for re-sentencing.

In my view, this is as straightforward and simple a case as has come before us. The majority nevertheless manages to go astray by adopting the view that section 111—3(c) is ambiguous and does not mean what its language clearly states. Although the same position has been embraced by the appellate court, I do not regard that as dispositive. An invalid idea, no matter how widely held, is still invalid.

The majority states that there is "no evidence that

the legislature intended to require the State to give a defendant pretrial notice of the possible *sentence* \*\*\* that he might receive." (162 Ill. 2d at 290.) It is axiomatic, however, that the best indication of legislative intent is the language used. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151.) Under the plain language of section 111—3(c), giving pretrial notice of possible sentences is precisely what the statute is aimed at. It says so explicitly.

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant." (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).)

How could this be any clearer?

What confuses the majority is the final sentence of the statute, which provides that the term "enhanced sentence" means

> "a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense \*\*\*; it does not include an increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).

The majority construes this as limiting the notice requirement only to situations where the prior conviction operates to actually upgrade the level of the offense. Such is not the case. Under the statute, notice is required whenever the State intends to use the prior conviction to obtain a sentence at a higher level of offense than would otherwise be the case. This is so where the sentence would increase because the level of the offense itself is actually upgraded, as with the various statutes cited by the majority, and it is equally so where the law merely treats the defendant, for sentencing purposes, as if he had committed a higher level of offense, as it does here under section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat.

1989, ch. 38, par. 1005—5—3(c)(8)). There is no basis in the language of the statute for distinguishing the two situations.

The only exception in the statute is for "an increase in the sentence applied within the same level of classification of offense." (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).) That exception covers the situation where the court finds the factors in aggravation set forth in paragraph (b) of section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)) to be present and can impose an extended term under section 5—8—2 (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2). In that situation, no change occurs either in the level of the offense for which a defendant can be convicted or, as in the cases before us, in the level of the offense for which a defendant can be sentenced. A person convicted of a particular class of felony is still sentenced for that same class of felony. The only difference is that the minimum and maximum sentences for that class of felony are extended. Obviously, that exception has no application here, where the defendants were all sentenced for a higher degree of felony than the one for which they were actually convicted.

In reaching a contrary result, the majority makes much of the remarks made by Representative Homer during debates on the legislation in the House of Representatives. I note, however, that the quoted remarks from Homer are not inconsistent with the construction I have discussed. Although Homer focused on application of the notice requirement to cases where the offense itself is upgraded, nothing in the quoted passages states that notice is not likewise required where, as here, a defendant's sentence is based on a higher grade of offense than the one for which he was actually convicted.

Even if Homer did not understand the statute to

require notice in the latter situation, his views are scarcely controlling. Where the language of a statute is clear on its face, its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Chandler* (1989), 129 Ill. 2d 233, 253.) What matters is what the legislature ultimately said, not what it thought it was saying. No rule of construction allows us to declare that the legislature did not mean what the plain language of the statute imports. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.* (1994), 158 Ill. 2d 76, 83.

To the extent that some ambiguity can be tortured from the language of section 111—3(c) (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c)), the majority has resolved it the wrong way. Criminal statutes are to be strictly construed (*Chandler*, 129 Ill. 2d at 254), and any ambiguity must be resolved in favor of criminal defendants (*People v. Foster* (1983), 99 Ill. 2d 48, 55). This is especially true of statutes pertaining to the enhancement of sentences. (See *People v. Juris* (1989), 189 Ill. App. 3d 934, 935.) Under this standard, the law mandates a conclusion that the defendants here were entitled to the notice required by section 111—3(c) (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c)) before the State could seek to have them sentenced as Class X offenders. I therefore dissent.

## APPENDIX

### LIST OF CRIMES WHERE PRIOR CONVICTIONS ELEVATE CLASS OF OFFENSE OF WHICH AN ACCUSED IS CONVICTED

720 ILCS 5/11—14(b): Prostitution—third conviction elevates offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/11—15(b): Soliciting for a prostitute—

third conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/11—17(b): Keeping a place of prostitution—third conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/11—17.1(c): Keeping a place of juvenile prostitution—second conviction elevates the offense from a Class 1 felony to a Class X felony.

720 ILCS 5/11—18(b): Patronizing a prostitute—third conviction elevates the offense from a Class B misdemeanor to a Class 4 felony.

720 ILCS 5/11—19(b): Pimping—third conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/12—4.3(a): Aggravated battery of a child—second conviction elevates the offense from a Class 1 felony to a Class X felony.

720 ILCS 5/12—13(b): Criminal sexual assault—second conviction elevates offense from a Class 1 felony to a Class X felony.

720 ILCS 5/12—15(d): Criminal sexual abuse—second conviction elevates the offense from a Class A misdemeanor to a Class 2 felony.

720 ILCS 5/12—20(a): Sale of body parts—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16—1(b)(2): Theft—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16—3.1(b): False report of theft and other losses—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16—5(c): Theft from coin-operated machines—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16—14(d)(2): Unlawful interference with

public utility services—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16—15(d): Unlawful use of a theft detection shielding device—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16A—10: Retail theft—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16D—3(b)(2): Computer tampering— second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/16D—3(b)(3): Computer tampering— second conviction elevates the offense from a Class 3 to a Class 4 felony.

720 ILCS 5/17—1(B)(e): Deceptive practices—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/17—2(d): Impersonating a police officer— second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/17—11: Odometer fraud—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/21.2—4: Interference with a public institution—second conviction elevates the offense from a Class C misdemeanor to a Class B misdemeanor.

720 ILCS 5/24—1(b): Unlawful use of weapons— second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/26—1(b): Disorderly conduct—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 5/28—1(c): Gambling—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.

720 ILCS 635/4: Prohibition of possession of instruments adapted for use of controlled substances—second conviction elevates the offense from a Class A misdemeanor to a Class 4 felony.