NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210718-U

NO. 4-21-0718

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 16, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| BYRON LEE SHARP, | ) | No. 10CF653 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to
               withdraw as counsel and affirmed the circuit court's judgment as no issue of
               arguable merit could be raised on appeal.

¶ 2        Defendant, Byron Lee Sharp, appeals from the trial court's summary dismissal of

his postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD)

moves to withdraw as appellate counsel on the ground no issue of arguable merit can be raised.

We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        In July 2010, the State charged defendant by information with two counts of

criminal sexual assault, Class 1 felonies (720 ILCS 5/12-13(a)(2), (b)(1) (West 2010)), and one

count of aggravated criminal sexual abuse, a Class 2 felony (720 ILCS 5/12-16(d), (g) (West

2010)). The charges stemmed from a series of incidents involving A.B., who was 13 and 14 years old at the time of the incidents.

¶ 5                                 A. Guilty Plea

¶ 6          In November 2010, defendant entered into a negotiated plea agreement to the two counts of criminal sexual assault. In exchange for defendant's guilty plea, the State agreed to nol-pros the count of aggravated criminal sexual abuse and agreed to a sentencing cap of 30 years. Defendant maintained "a right at a sentencing hearing to request a lesser sentence." The plea agreement noted defendant was subject to mandatory Class X sentencing and mandatory consecutive sentencing for the two counts of criminal sexual assault.

¶ 7          At defendant's plea hearing, the trial court admonished defendant on the terms of his plea. Defendant stated he understood the charges against him. The court confirmed with the State defendant was subject to mandatory Class X sentencing. The State identified a 2005 conviction for manufacture and delivery of a narcotic, a Class 1 felony, and a 1993 conviction for manufacture and delivery of a controlled substance, a Class 2 felony, as prior qualifying convictions. The court admonished defendant his sentences would be served consecutively and he would be subject to a sentence between 12 and 60 years' imprisonment without his plea agreement. Defendant affirmed he understood the possible sentences. The court then discussed the terms of defendant's plea agreement with him, admonishing defendant:

> "Now, your plea agreement, [defendant], says, that in return for your plea of guilty to these two charges, first of all, the State is dismissing the third charge that had been filed here, and the agreement says that you will be sentenced to no more than a total of 30 years in the Department of Corrections. You will have a right at a sentencing hearing to request a lesser sentence than that. Now what that means

is at that next hearing, the sentencing, the court will take evidence from both parties; and the court will decide the penalty, and it could be anything from a minimum of 12 years up to a maximum of 30 years or anything in between 12 and 30."

Defendant agreed he understood the terms of the plea agreement and possible sentencing. After assuring defendant was aware of his rights, the court confirmed defendant was not forced or threatened into the plea agreement and no other promises were offered to defendant beyond the terms of the plea agreement. Defendant agreed. The State presented the factual basis for the charges, and the court accepted defendant's plea as knowing and voluntary.

¶ 8 Defendant's presentence investigation report (PSI) detailed defendant's criminal record, which included 10 felony convictions and 3 misdemeanor convictions. The report also explained defendant's family, medical, substance abuse, and economic history.

¶ 9 At defendant's sentencing hearing in January 2011, he did not object or offer additions or corrections to the PSI. A.B.'s mother testified in aggravation. Defendant did not present any additional evidence in mitigation. The State requested an aggregate term of 30 years' imprisonment. Defendant requested an aggregate term of 20 years' imprisonment. After considering the PSI, the evidence presented, the recommendations of counsel, defendant's statement in allocution, and the relevant factors in mitigation and aggravation, the trial court sentenced defendant to two terms of 14 years' imprisonment, for an aggregate term of 28 years' imprisonment. The court stated in deciding defendant's sentence,

"The only thing that I see in this case that suggests there should be any departure from the maximum penalty that I could impose is the fact that you pled guilty,

that you took responsibility once you were in court and that you did not put this child through the additional trauma of having to come to court."

The court admonished defendant of his appellate rights in compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), including the requirement defendant file a motion to withdraw his guilty plea before filing an appeal.

¶ 10                                      B. Postplea Motions

¶ 11          In February 2011, defendant filed a letter with the trial court in which defendant requested the court vacate his guilty plea. In a docket entry dated February 18, 2011, the court construed defendant's letter as a timely motion to withdraw his guilty plea, reappointed defendant's public defender, and set the motion for hearing.

¶ 12          In April 2011, appointed counsel filed a motion to reconsider defendant's sentence and a motion to withdraw defendant's guilty plea and vacate the judgments. In the motion to withdraw defendant's guilty plea, defendant argued he did not fully understand the plea and consequences thereof. Counsel also filed a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006).

¶ 13          At the hearing on defendant's motions, counsel informed the court defendant filed the motions on a "misapprehension of the law on [defendant's] part." Defendant only wanted to challenge his sentence and not risk withdrawing his plea agreement. Counsel stated defendant now wished to withdraw both motions. The court spoke with defendant, informed him of the consequences of withdrawing the motions, and confirmed his desire to withdraw the motions. Defendant agreed.

¶ 14                                      C. Postconviction Petition

- 4 -

¶ 15 On August 16, 2021, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In his petition, defendant argued he (1) received ineffective assistance of counsel where counsel (a) pressured him to withdraw his motions to withdraw his guilty plea and reconsider his sentence by threatening defendant with an increased sentence, (b) did not challenge his Class X sentencing, and (c) did not provide defendant with copies of the transcripts from his proceedings; (2) was denied due process where the State failed to notify defendant he was eligible for Class X sentencing in the charging document; and (3) was denied due process where he received a sentence of 28 years when his counsel told him he would get 20 years.

¶ 16 On August 24, 2021, the trial court entered a written order summarily dismissing defendant's postconviction petition as frivolous and patently without merit.

¶ 17 Defendant appealed the trial court's summary dismissal of his postconviction petition, and OSAD was appointed to represent him on appeal. In March 2022, OSAD moved to withdraw as counsel on appeal. We granted defendant leave to file a response to OSAD's motion on or before April 25, 2022. Defendant has not done so.

¶ 18                                    II. ANALYSIS

¶ 19 OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. We agree.

¶ 20 The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. At the first stage of proceedings, the

trial court must, within 90 days and without seeking or relying on input from the State, summarily dismiss the petition if it determines the petition is frivolous or patently without merit, meaning "the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). See also 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Gaultney*, 174 Ill. 2d 410, 419, 675 N.E.2d 102, 107 (1996). At the first stage of proceedings under the Act, all well-pleaded allegations are to be taken as true unless those allegations are positively rebutted by the record. *People v. Brown*, 236 Ill. 2d 175, 189, 923 N.E.2d 748, 757 (2010). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247, 757 N.E.2d 442, 447 (2001).

¶ 21                                    A. Procedural Error

¶ 22        OSAD first asserts it can make no colorable argument the trial court procedurally erred in summarily dismissing defendant's postconviction petition at the first stage. The trial court entered its written order on August 24, 2021, well within the 90-day period allotted by the Act and without input by the State. Accordingly, we agree with OSAD it is not arguable the trial court procedurally erred in dismissing defendant's petition.

¶ 23                                    B. Substantive Error

¶ 24        OSAD further asserts it can make no colorable argument the trial court substantively erred in dismissing defendant's postconviction petition where defendant's contentions have no merit. Defendant made several claims in his postconviction petition: (1) he received ineffective assistance of counsel where counsel (a) pressured him to withdraw his motions to withdraw his guilty plea and reconsider sentence by threatening defendant with an increased sentence, (b) did not challenge his Class X sentencing, and (c) did not provide defendant with copies of the transcripts from his proceedings; (2) defendant was denied due

process where the State failed to notify defendant he was eligible for Class X sentencing in the charging document; and (3) defendant was denied due process where he received a sentence of 28 years when his counsel told him he would get 20 years. We agree with OSAD none of defendant's claims have merit.

¶ 25                                    1. *Ineffective Assistance of Counsel*

¶ 26            To demonstrate ineffective assistance of counsel, a defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been difference. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). In the context of postconviction proceedings, "a petition alleging ineffective assistance of counsel may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 27                        a. Alleged Threat of Increased Sentence

¶ 28            Defendant's first claim of ineffective assistance, counsel threatened him with a higher sentence if he did not withdraw his motions to withdraw his guilty plea and reconsider his sentence, is positively rebutted by the record. At the hearing on defendant's motions, defendant affirmed to the court he wished to withdraw his motions and he understood the ramifications of doing so.

¶ 29            Further, even if counsel had informed defendant he would be subject to a higher sentence if he persisted with his motion to withdraw his guilty plea, such advice would be a

- 7 -

correct assessment of the law. To challenge a sentence after entering a negotiated guilty plea, a defendant must first file a motion to withdraw the guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). See *People v. Linder*, 186 Ill. 2d 67, 68, 708 N.E.2d 1169, 1170 (1999). If defendant withdrew his guilty plea, and was later found guilty of the charged offenses, two counts of criminal sexual assault, Class 1 felonies (720 ILCS 5/12-13(a)(2), (b)(1) (West 2010)), for which he was subject to Class X sentencing (730 ILCS 5/5-4.5-95(b) (West 2010)), and which would be mandatory consecutive sentences (*id.* § 5-8-4(d)(2)), he would have been subject to a maximum sentence of 60 years' imprisonment (*id.* § 5-4.5-25(a) ("The sentence of imprisonment shall be a determinate sentence of not less than 6 years and not more than 30 years.")). The court would not be bound by defendant's original sentence of 28 years and could impose a higher sentence at its discretion. See *People v. Walker*, 2021 IL App (4th) 190073, ¶ 68, 188 N.E.3d 1235. Therefore, there is no merit to an argument counsel provided ineffective assistance by correctly informing defendant of the risks of persisting with his motion to withdraw his guilty plea.

¶ 30                                   b. Class X Sentencing

¶ 31          Next, defendant claims counsel provided ineffective assistance where he failed to challenge defendant's eligibility for Class X sentencing.

¶ 32          First, "[i]t is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545, 809 N.E.2d 103, 104 (2004). However, even were defendant's claim of ineffective assistance not waived, it has no merit, as defendant was subject to Class X sentencing.

¶ 33        Section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2010)) provides as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender."

In other words, if a defendant has two prior Class 2 or greater felonies and is convicted of a third, unrelated felony, he is subject to Class X sentencing.

¶ 34        Defendant pleaded guilty to two counts of criminal sexual assault, Class 1 felonies (720 ILCS 5/12-13(a)(2), (b)(1) (West 2010)). Defendant has two prior Class 1 felony convictions and five prior Class 2 felony convictions. See *Individuals in Custody,* Illinois Department of Corrections, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited July 18, 2022); see also *People v. Young*, 355 Ill. App. 3d 317, 321 n.1, 822 N.E.2d 920, 924 (2005) (holding we may take judicial notice of information that the Department of Corrections has provided on its website). The same convictions are listed in defendant's PSI, which he did not dispute. Any two of those convictions would be sufficient to subject defendant to mandatory Class X sentencing. The State specifically identified qualifying convictions during the plea hearing, "[Defendant] has a [2005] Cook County manufacture and a delivery of a narcotic, a Class One Felony. He also has a [1993] Cook County manufacture and delivery of a controlled substance, a Class Two Felony. Those would be the two Class Twos or greater." The court discussed the possible penalties with defendant and defendant stated he understood.

Therefore, any challenge to defendant's eligibility for Class X sentencing would have been without merit.

¶ 35                                    c. Transcripts

¶ 36        Defendant also argues counsel provided ineffective assistance by not providing defendant with a copy of the trial court transcripts after he filed his motion to withdraw his guilty plea.

¶ 37        Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides if a defendant filing a motion to withdraw his guilty plea is indigent, "the trial court shall order a copy of the transcript *** be furnished the defendant without cost." After defendant filed his letter which the court construed as a *pro se* motion to withdraw his guilty plea, the court in a docket entry dated February 18, 2011, reappointed defendant's public defender and ordered transcripts prepared for defendant. Defendant's counsel certified he reviewed the transcripts of proceedings pursuant to Rule 604(d). Therefore, the record shows transcripts were provided in compliance with Rule 604(d).

¶ 38        Defendant does not explain why he was entitled to personally receive copies of the transcripts from his counsel, nor does he explain how he was prejudiced by not personally receiving copies of the transcripts. Without prejudice, there can be no ineffective assistance of counsel. See *Sanchez*, 169 Ill. 2d at 487.

¶ 39                                    2. *Charging Document*

¶ 40        Defendant alleges in his postconviction petition his due process rights were violated where the State failed to include his eligibility for Class X sentencing in the charging instrument.

¶ 41 First, as previously discussed, "[i]t is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *Townsell*, 209 Ill. 2d at 545. Any claim of error as to defendant's charging document is waived. Waiver aside, however, defendant's claim has no merit, as the State was not required to include defendant's eligibility for Class X sentencing in the charging document. Our supreme court has stated while section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2010)) increases a defendant's sentence because of his prior felony convictions, the classification of the offense for which the defendant is then being sentenced remains the same as that originally charged. *People v. Jameson*, 162 Ill. 2d 282, 290, 642 N.E.2d 1207, 1211 (1994). Therefore, the State was not required to give notice of the Class X sentencing eligibility. *Id.* (holding the State is not required to notify a defendant in advance of trial that he could receive an increased sentence based on his prior criminal convictions).

¶ 42                                  3. *Sentencing Agreement*

¶ 43 Finally, defendant claims his due process rights were violated when he was sentenced to 28 years' imprisonment after his lawyer told him he would get 20 years' imprisonment. Defendant's claim is positively rebutted by the record.

¶ 44 Prior to accepting defendant's plea agreement, the trial court questioned defendant extensively. The court confirmed defendant understood the terms of his plea agreement, including defendant would be "sentenced to no more than a total of 30 years in the Department of Corrections." The court reiterated for defendant, "Now what that means is at that next hearing, the sentencing, the court will take evidence from both parties; and the court will decide the penalty, and it could be anything from a minimum of 12 years up to a maximum of 30 years or anything in between 12 and 30." Defendant confirmed he understood the possible

sentence. He also confirmed no other promises were made beyond the discussed terms of his plea agreement. After these extensive admonishments, the trial court accepted defendant's guilty plea as knowing and voluntary. Therefore, any claim defendant was misled regarding the terms of his agreement and the possible sentence is positively rebutted by the record.

¶ 45                            III. CONCLUSION

¶ 46            For the reasons stated, we agree no meritorious issue can be raised on appeal. We grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 47            Affirmed.