THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANDRES GARCIA, Defendant-Appellee.

Second District   No. 2—98—0779

Opinion filed April 6, 2000.

Gary W. Pack, State's Attorney, of Woodstock (David B. Franks, Assistant State's Attorney, and Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Donald M. Tegeler, Jr., of Law Office of Donald M. Tegeler, P.C., of Geneva, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals the trial court's order denying its motion to file a supplemental discovery answer prior to the trial of the defendant, Andres Garcia. We affirm.

The defendant, who was charged with unlawful delivery of a controlled substance over 900 grams (720 ILCS 570/401(a)(2)(D) (West 1998)) and criminal drug conspiracy (720 ILCS 570/405.1(a) (West 1998)), was arrested on April 18, 1998. Bond was subsequently reduced to $450,000, and the defendant remained in custody. The trial court ordered the State to disclose to the defendant, *inter alia*, all witnesses, documents, reports, statements, and reports of experts by April 28, 1998. On May 20, 1998, the defendant filed a demand for a speedy

trial, and the trial court set the jury trial date for July 20, 1998, and gave the State 14 days to file its answer to discovery. On May 29, 1998, the State filed its original answer to discovery. On June 5, 9, 10, and 11, 1998, the State faxed defense counsel a total of 79 pages consisting of lab reports, confessions, and other evidence. On June 15, 1998, after hearing arguments, the trial court denied the State's motion to supplement its original discovery answer. The decision also applied to the defendant's codefendants, Jaime Rodriguez and Juan Carlos Leon. The State filed a notice of appeal along with an affidavit of impairment pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)). On June 29, 1998, the defendant was released from custody. On July 15, 1999, this court affirmed the trial court's decision as to Juan Carlos Leon (*People v. Leon*, 306 Ill. App. 3d 707 (1999)).

Here, the State essentially argues, as it did in *Leon*, that the sanction imposed in this case was harsh and punitive. The State contends that it did not willfully withhold the evidence and that the ruling impaired its ability to prosecute this case and that a continuance would have been an effective sanction in this case.

We believe that the trial court's decision was not an abuse of discretion for several reasons. The State failed to provide this court with the specific contents of the supplementary evidence at issue so that we may weigh the sanction against the surprise and prejudice to the defendant caused by the State's delay. See *Leon*, 306 Ill. App. 3d at 714. The record indicates that the prosecutor breached his duty of due diligence when he was aware or should have been aware of the materials at issue and failed to timely tender the materials to the defendant. See *Leon*, 306 Ill. App. 3d at 715. Contrary to the State's assertion, a party's inadvertence, even without a showing of bad faith, may be sufficient to warrant the exclusion of the evidence at issue. See *People v. Koutsakis*, 255 Ill. App. 3d 306, 312 (1993); see also *People v. Newberry*, 166 Ill. 2d 310, 317 (1995).

Further, the defendant made a speedy trial demand and had been incarcerated for 53 days (April 18 through June 10) when the State filed its motion to supplement its discovery answer. The defendant would have had to investigate the new evidence, consider new tactics, and seek a delay of the trial while the defendant remained in jail. Any continuance could have been charged to the defendant. See *Leon*, 306 Ill. App. 3d at 715. Thus, in light of these considerations as well as the fact that the trial court had the authority to control its own docket and prevent undue delays caused by a party's lack of diligence regarding procedural rules, we do not believe the trial court abused its discretion by denying the State's motion to supplement its discovery answer. See *Leon*, 306 Ill. App. 3d at 715-16.

The State's reliance on *People v. Whalen*, 238 Ill. App. 3d 994 (1992), *People v. Harris*, 259 Ill. App. 3d 106 (1994), and *People v. Hawkins*, 235 Ill. App. 3d 39 (1992), is misplaced. In *Whalen*, the court never ruled on the issue presented here because the issue was waived. *Whalen*, 238 Ill. App. 3d at 999. Further, the discovery materials at issue in *Harris* (the statement of one witness) and *Hawkins* (the defendant's confession) were minimal compared to the quantum of discovery material at issue here. Thus, *Harris* is not controlling.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GEIGER and COLWELL, JJ., concur.