Summary Rule 23 order filed
July 9, 2020.
Motion to publish granted
July 29, 2020.

2020 IL App (5th) 180570

NO. 5-18-0570

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Massac County. |
| | ) | |
| v. | ) | No. 17-CF-203 |
| | ) | |
| RAY G. LEE, | ) | Honorable |
| | ) | Joseph M. Leberman, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Ray G. Lee, was charged with six counts of predatory criminal sexual assault of a child in connection with the sexual abuse of his three young daughters, L.L., T.L., and I.H. The trial court denied the State's request to admit into evidence video-recorded interviews with all three girls pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2016)). The State appeals that ruling pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017). We find that we do not have jurisdiction to hear this appeal. Accordingly, we dismiss the appeal.

¶ 2    The incidents of alleged abuse at issue in this case occurred between May 1, 2016, and September 1, 2017. At some point, the abuse was called to the attention of the children's mother by their brother, R.J.L. Although T.L. told her mother that the defendant touched her butt, an

1

allegation she later admitted was not true, it is not clear on the record before us whether any of the girls ever reported the abuse to their mother.

¶ 3    On November 30, 2017, forensic interviewer Dawn Wright interviewed all three girls at the Two Rivers Child Advocacy Center in Anna, Illinois. L.L. turned 13 years old just four days before the interviews took place. T.L. was 10 years old at the time, and I.H. was 7 years old. I.H. told Wright that the defendant licked her "private parts" during the summer she was six years old (which would have been 2016). T.L. described multiple incidents in which the defendant licked her vagina or attempted to do so. She also told Wright that she saw the defendant lick I.H.'s vagina when I.H. was only four years old. This prompted her to tell her mother that the defendant had touched her butt so that her mother would keep the defendant away from I.H.

¶ 4    On December 26, 2017, the State charged the defendant with six counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). The charging instrument alleged that the defendant put his mouth on each girl's genitals between May 1 and September 1, 2016, and between May 1 and September 1, 2017.

¶ 5    In June 2018, the State filed a notice of intent to introduce the video recordings of all three interviews pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2016)). That statute provides that in a prosecution for specified crimes committed against a child under the age of 13, the child's out-of-court statements about the crime are admissible as an exception to the hearsay rule. *Id*. § 115-10(a). There are, however, conditions on the admissibility of such statements. The statements are only admissible if, after holding a hearing outside the presence of the jury, the trial court determines "that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." *Id*. § 115-10(b)(1). In addition, the statements are only admissible if the child either testifies at trial or is unavailable as

a witness. *Id*. § 115-10(b)(2). If the child is unavailable as a witness, there must be corroborative evidence. *Id*. § 115-10(b)(2)(B).

¶ 6    The court held a motion hearing in November 2018. The court viewed the interviews prior to the hearing pursuant to the parties' agreement. In ruling, the court considered the recordings themselves along with the testimony of Dawn Wright and a police officer who observed the interviews. The court ruled that (1) the recording of L.L.'s interview was not admissible because she did not make the statement before she turned 13 years old or within three months of the commission of the offenses (see *id*. § 115-10(b)(3)) and (2) the recordings of the interviews with T.L. and I.H. were not admissible because the State did not provide sufficient evidence of the reliability of their statements (see *id*. § 115-10(b)(1)). In explaining its ruling, the court emphasized that it had no evidence before it regarding when the allegations were first reported and what the girls said in their earlier statements. The court found that without such evidence, it was impossible to determine whether the girls had been coached in what to say or whether any earlier statements were consistent with what they told Wright.

¶ 7    The State appeals the court's ruling as to the interviews of T.L. and I.H. We cannot address the merits of its arguments, however, unless we find that we have jurisdiction to hear this appeal. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984).

¶ 8    Illinois Supreme Court Rule 604(a)(1) allows the State to file appeals in criminal cases under the limited circumstances set forth in the rule. In relevant part, the State may appeal "an order or judgment the substantive effect of which results in *** suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017). An order has the substantive effect of suppressing evidence if it prevents the State from presenting facts or opinions to the jury. *In re K.E.F.*, 235 Ill. 2d 530, 540 (2009); *People v. Drum*, 194 Ill. 2d 485, 492 (2000); *People v. Truitt*, 175 Ill. 2d 148, 152 (1997),

3

*abrogated in part on other grounds by People v. Miller*, 202 Ill. 2d 328 (2002). If, on the other hand, "the sole impact of the circuit court's order is on the *means* by which the information is to be presented," the order does not have the substantive effect of suppressing evidence, and the State may not appeal. (Emphasis in original.) *K.E.F.*, 235 Ill. 2d at 540; see also *Drum*, 194 Ill. 2d at 492; *Truitt*, 175 Ill. 2d at 152. It is the substantive effect of a trial court's order that determines appellate jurisdiction under Rule 604(a)(1), not its label or the label of the underlying motion. *Drum*, 194 Ill. 2d at 489. Our review of this question is *de novo*. *Id*. at 488.

¶ 9    The State acknowledges that in this case, it "may be argued that the evidence that was excluded [was] admissible by other means, namely by virtue of live, in-court testimony that, presumably, would detail the same facts surrounding their allegations." The State further acknowledges that there is no indication in the record that T.L. or I.H. will not be available as witnesses. It is worth noting that, prior to trial, the State filed a motion to allow all three of the girls to testify by closed-circuit television. This indicates that the State intends to call all three girls to testify, including T.L. and I.H. The State urges us, however, to "find that the recorded statements *** constitute discrete evidence whose evidentiary value is not as a substitute or alternative for the live testimony of the minor victims, but as highly impactful corroborative evidence of their claims." In support of this contention, the State relies heavily on this court's decision in *People v. Brindley*, 2017 IL App (5th) 160189, and the Illinois Supreme Court's decision in *People v. Bowen*, 183 Ill. 2d 103 (1998). We find no support for the State's position in those cases.

¶ 10    In *Brindley*, the trial court granted the defendant's motion to suppress an audio-video recording of a drug transaction. The State appealed that ruling to this court under Rule 604(a)(1). *Brindley*, 2017 IL App (5th) 160189, ¶ 1. Prior to considering the merits of the appeal, we addressed our jurisdiction to hear it. *Id*. ¶ 14. We rejected the defendant's contention that the trial

4

court's order "simply impacted the means by which the State could present the facts depicted in the recording" because it could instead present the testimony of the confidential informant about the transaction. *Id*. ¶ 22. We explained that "the suppressed evidence [was] actual audio-video recording of relevant events as they occurred, capturing the defendant's exact words, demeanor, and visual manifestations at the time he is alleged to have committed the crimes charged." *Id*. ¶ 23. As such, we found that testimony describing these events was "not the same evidence" as the recording itself. *Id*. For this reason, we concluded that the order excluding the recording had the substantive effect of suppressing evidence and that we therefore had jurisdiction over the appeal. *Id*. ¶ 24.

¶ 11 Here, by contrast, the recorded interviews would not allow jurors to see the charged offenses as they occurred. Instead, jurors would simply see T.L. and I.H. describe the events at issue several months to over a year after they occurred—much as they would be able to do through their trial testimony. In support of its claim that the recordings are nevertheless so qualitatively different from trial testimony that they cannot be considered "the same evidence," the State calls our attention to *Bowen*.

¶ 12 There, appellate jurisdiction was not at issue. The defendant filed an appeal after being convicted of the aggravated criminal sexual assault of a three-year-old child. *Bowen*, 183 Ill. 2d at 104-05. In relevant part, he argued that the trial court erred in admitting a videotaped statement from the child in addition to her trial testimony because it "was repetitive and untrustworthy." *Id*. at 113. In rejecting this argument, the supreme court discussed the value of such statements at length. The court first explained that section 115-10 was enacted as "a needed response to the difficulty of convicting persons accused of sexually assaulting children." *Id*. at 115. The court explained that this difficulty arises in part because "child witnesses, especially the very young,

5

often lack the cognitive or language skills to effectively communicate instances of abuse at trial." *Id.* The court also noted that children are often subject to suggestion (*id.* at 116) or may otherwise be hampered psychologically from describing their abuse at trial (*id.* at 115). The *Bowen* court explained that the statute alleviates these problems by making "detailed corroborative evidence of the child's complaint" admissible. *Id.*

¶ 13    The State argues that this language in *Bowen* demonstrates that "the recorded statements of minors serve a purpose independent from the testimony of the child witnesses themselves." The State explains that such statements are "often given in a much more comfortable and relaxed environment" than trial testimony, and, as such, the statements "cannot be reasonably duplicated by any other means at trial." The jurisdictional question, however, is not whether evidence is admissible, how reliable the evidence is, or what purpose it serves; the question is simply whether the ruling appealed precludes the State from presenting information to the jury by any means. See *K.E.F.*, 235 Ill. 2d at 540; *Brindley*, 2017 IL App (5th) 160189, ¶ 16. In this case, the answer to that question is no.

¶ 14    As we explained earlier, section 115-10 does allow the admission of a child's out-of-court statements when the child is not available as a witness. See 725 ILCS 5/115-10(b)(2)(B) (West 2016). Under those circumstances, the child's out-of-court statement would be the only means of providing the pertinent facts to the jury, and an order excluding it would therefore be appealable under Rule 604(a)(1). Here, however, it appears that both children are available to testify and that the State intends to call them as witnesses. Thus, while the recorded statements could possibly be more compelling than their in-court testimony, they are not the only means available to the State to present the relevant information to the jury.

6

¶ 15     At oral argument, the State argued in rebuttal that accepting the defendant's argument would mean that, in many cases, the State would be required to rely on "the testimony of a witness, who then gets on the stand and freezes." As the State further noted, under such circumstances, it would not be able to provide the testimonial evidence contained in the section 115-10 statement through other means. Although the State forfeited this argument by failing to include it in its brief (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)), we choose to address it (see *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36 (explaining that forfeiture is a limitation on the parties, not on the courts)).

¶ 16     We do not believe the possibility of a child witness "freezing" on the stand is sufficient to vest this court with jurisdiction. Under those circumstances, the State would be free to ask the trial court to revisit its pretrial ruling on the admissibility of the recordings. In this case, such a request would also give the State the opportunity to present additional evidence concerning the reliability of the recordings to address the concerns raised by the trial court at the motion hearing. Specifically, the State could present evidence of the contents of any earlier statements made by the girls or evidence that they did not make any earlier statements. The trial court's ruling on such a request would be appealable as an order suppressing evidence due to the subsequent unavailability of a child witness previously thought to be available. As we explained earlier, we have jurisdiction over appeals by the State in criminal cases only under the limited circumstances prescribed by Rule 604(a)(1). The mere possibility that an available child witness might become unavailable is not enough to transform an otherwise unappealable order impacting only the means by which the State may present its evidence into an appealable order suppressing evidence.

¶ 17     Moreover, even if we found the State's argument persuasive, we would be bound by our supreme court's holding in *K.E.F.* That case, like the case before us, involved appellate jurisdiction

7

over the State's appeal of a trial court's refusal to admit a child's out-of-court statement under section 115-10. Although the case arose under factual circumstances that were different from those involved here, for the following reasons, we find it to be controlling.

¶ 18    *K.E.F.* involved a juvenile delinquency petition alleging that K.E.F. was delinquent because he committed multiple sex offenses against his sister. *K.E.F.*, 235 Ill. 2d at 532-33. The State requested a pretrial ruling on the admissibility of the sister's recorded statements to a forensic interviewer under section 115-10. After a hearing, the court found that the recorded statements were reliable. The court ruled that the statements were admissible, subject to the State's compliance with the other requirements of section 115-10. *Id*. at 533. As we mentioned earlier, one of those requirements is that the child testify at trial unless she is unavailable as a witness. 725 ILCS 5/115-10(b)(2) (West 2016). Although the prosecution in *K.E.F.* did call the sister as a witness, she was not questioned at all concerning the events at issue; she was asked only whether she spoke to the forensic interviewer and whether she told the truth when she did so. *K.E.F.*, 235 Ill. 2d at 533. K.E.F.'s attorney objected, arguing that the statutory requirement is not satisfied unless the child testifies at trial about the substance of the allegations. Counsel explained that the State's failure to ask the sister any substantive questions made her "unavailable for cross-examination" on the factual matters at issue. *Id*. at 534. The trial court agreed and ruled that the recording of the sister's forensic interview was not admissible unless the prosecutor asked her about the events at issue. *Id*. at 535.

¶ 19    The State filed an interlocutory appeal from that ruling. The appellate court dismissed the appeal for lack of jurisdiction, holding that Rule 604(a)(1) is inapplicable in juvenile delinquency proceedings. *Id*. at 537. The State then appealed to the Illinois Supreme Court. *Id*.

8

¶ 20    The supreme court did not address the applicability of Rule 604(a)(1) to juvenile proceedings. *Id*. at 541. Instead, the court found that the "threshold question" before it was "whether the trial court's ruling is appealable under Rule 604(a)(1)—at all." *Id*. at 537. The court then explained that, as we have already discussed, evidence is not suppressed within the meaning of that rule unless the trial court's ruling prevents the State from presenting information to the trier of fact. *Id*. at 538 (quoting *Drum*, 194 Ill. 2d at 492).

¶ 21    In applying that rule to the facts before it, the supreme court noted that "the State chose— for reasons that quite frankly defy comprehension—to attempt to gain admission of a prior statement that the trial court had already ruled reliable" by asking the child "only whether she had previously answered [the forensic interviewer's] questions truthfully." *Id*. at 539. The court "question[ed] the wisdom of that course of action," emphasizing that the "admissibility of the evidence in question was a matter entirely within the State's control." *Id*. at 540.

¶ 22    The court then addressed what we consider to be at the heart of the jurisdictional question before us. The court pointed out that "the prosecution had the option of presenting live testimony to secure admission of the *information* it sought to introduce, an option it declined to pursue." (Emphasis added.) *Id*. The court concluded that "the sole impact of the circuit court's order" was therefore "on the *means* by which the information [was] to be presented." (Emphasis in original.) *Id*.

¶ 23    The State seeks to distinguish *K.E.F.*, arguing that, there, "the State appealed because it simply refused to comply with the dictates of the statute by refusing to present testimony 'at the proceeding' *** about the alleged sexual assault." We are not persuaded. As we have just discussed, the supreme court's ultimate conclusion rested on the fact that the trial court's ruling left the State with the option of presenting the information it wanted to present through live

9

testimony. See *id*. As the court emphasized, "[t]he substantive effect of the trial court's ruling is the pertinent issue." *Id*. Although there are many other differences between this case and *K.E.F.*, we find no meaningful distinction on this dispositive point. We therefore conclude that we do not have jurisdiction to consider the merits of the State's appeal.

¶ 24 For the reasons stated in this opinion, we dismiss the appeal.


¶ 25 Appeal dismissed.

2020 IL App (5th) 180570

NO. 5-18-0570

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Massac County. |
| | ) | |
| v. | ) | No. 17-CF-203 |
| | ) | |
| RAY G. LEE, | ) | Honorable |
| | ) | Joseph M. Leberman, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Summary Rule 23 Order Filed:**     July 9, 2020
**Motion to Publish Granted:**     July 29, 2020
**Opinion Filed:**     July 29, 2020

**Justices:**     Honorable Milton S. Wharton, J.

Honorable Thomas M. Welch, P.J., and
Honorable James R. Moore, J.,
Concur

**Attorneys for Appellant**     Hon. Josh Stratemeyer, State's Attorney, Massac County Courthouse, 101 West 8th Street, Metropolis, IL 62960; Patrick Delfino, Director, Patrick D. Daly, Deputy Director, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, Mt. Vernon, IL 62864

**Attorneys for Appellee**     James E. Chadd, State Appellate Defender, Ellen J. Curry, Deputy Defender, Richard J. Whitney, Assistant Appellate Defender, Office of the State Appellate Defender, Fifth Judicial District, 909 Water Tower Circle, Mt. Vernon, IL 62864