NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230172-U

NO. 4-23-0172

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Winnebago County |
| STEVEN W. WHITE, | ) | No. 21CF550 |
|      Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Joseph G. McGraw, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: This court lacks jurisdiction of the circuit court's orders regarding the State's motion to present hearsay statements by the victim but has jurisdiction of the orders related to propensity evidence, which we reverse.

¶ 2    In May 2021, a grand jury indicted defendant, Steven W. White, on one count of predatory criminal sexual assault of a child (720 ILCS 5/l l-l.40(a)(l) (West 2014)), two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)), and six counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i), (d) (West 2012)). The alleged victim of the predatory sexual assault of a child charge was A.H. (born in August 2008), and the alleged victim of the other charges was either S.R. (born in December 1999) or E.J. (born in May 2006). By agreement of the parties, the Winnebago County circuit court severed the predatory criminal sexual assault of a child count from the other counts, and the State elected to first proceed on that charge. In February 2023, the State filed a motion to allow the hearsay statements of A.H. under

section 115-10 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/115-10 (West 2022)). It also filed a motion *in limine* seeking to introduce testimony from S.R. and E.J. about defendant's actions with them (propensity evidence) pursuant to section 115-7.3 of the Procedure Code (725 ILCS 5/115-7.3 (West 2022)). After a hearing, the court denied the State's motions. The State filed motions to reconsider. The court denied the motion to reconsider the denial of the State's request to present propensity evidence under section 115-7.3 and granted in part the motion to reconsider the denial of the State's request to present hearsay statements of the victim under section 115-10. The State then filed a certificate of impairment and an appeal under Illinois Supreme Court Rule 604(a) (eff. July 1, 2017).

¶ 3        On appeal, the State contends the circuit court abused its discretion by (1) barring the State's propensity evidence admissible under section 115-7.3 and (2) only granting in part the State's request to present the victim's hearsay statements under section 115-10. We lack jurisdiction of the orders related to the State's section 115-10 motion, reverse the orders related to the State's section 115-7.3 motion, and remand the cause with directions.

¶ 4                                    I. BACKGROUND

¶ 5        The predatory criminal sexual assault of a child indictment alleged, on August 7, 2015, defendant, a person 17 years of age or older, knowingly committed an act of sexual penetration with A.H., in that he made contact between his sex organ and the mouth of A.H., who was under the age of 13. The alleged victim of the two criminal sexual assault indictments and two of the aggravated criminal sexual abuse indictments was S.R. Those incidents were alleged to have occurred on December 17, 2013, and December 17, 2015. The alleged victim of the four other aggravated criminal abuse charges was E.J. Those incidents were alleged to have taken place on May 22, 2014, and May 22, 2015.

¶ 6          In July 2021, defendant filed a motion to sever the charges.  A May 2022 case management order indicated discovery was complete on all nine indictments.  At a December 20, 2022, case management hearing, the circuit court heard defendant's motion to sever.  The State noted it was not objecting to the motion but anticipated filing a propensity motion if the case was set for trial.  It also elected to proceed on the predatory criminal sexual assault charge.  Defendant made an oral speedy trial demand.  The court entered an agreed order severing the predatory criminal sexual assault charge from the other charges.  It also established a due date of January 23, 2023, for motions *in limine* and noted courtesy copies of any motions should be sent to the court electronically.  Additionally, the court set the following dates:  (1) February 2 for a hearing on motions *in limine*, (2) February 9 for a final pretrial conference, and (3) February 13 for defendant's jury trial.

¶ 7          On February 1, 2023, defendant filed three motions *in limine*.  The first motion *in limine* sought to prohibit the State from using the term "rape" or any derivative.  The second one requested the State not be allowed to introduce propensity evidence because it did not comply with the disclosure requirements of section 115-7.3(d) of the Procedure Code (725 ILCS 5/115-7.3(d) (West 2022)).  The third motion *in limine* sought to prohibit the State from presenting a video of the victim's interview because of noncompliance with the hearing requirement of section 115-10(a) of the Procedure Code (725 ILCS 5/115-10(a) (West 2022)).  The next day, the State filed a motion to continue defendant's jury trial.  The circuit court held a hearing that same day.  At the hearing, the State noted its motions *in limine* were being filed, one of which was going to be brought under section 115-10.  The State provided a copy of the victim's interview to the court.  Defendant objected to the continuance, and the court granted a continuance over defendant's objection.  The court scheduled the hearing on the motions

*in limine* and a section 115-10 hearing for February 23, 2023, and defendant's jury trial was set for February 27, 2023. The court informed the parties it had very limited access to a courtroom due to a fire.

¶ 8        On February 6, 2023, defendant filed his fourth motion *in limine* seeking to prohibit the State from introducing statements defendant made to his ex-wife concerning his sexual characteristics and mental health. On February 23, 2023, the State filed its first motion *in limine* seeking to introduce under section 115-7.3 testimony from S.R. and E.J. about defendant's acts of sexual conduct with them to show defendant's propensity to commit sex crimes. Additionally, the State filed a motion to allow under section 115-10 hearsay statements by A.H. during a recorded interview at the Carrie Lynn Children's Center. The State also filed a motion to bar defendant from presenting any evidence contained in the 105 pages of discovery tendered by defendant on February 22, 2023, because the tender was untimely. The motions do not state at what time on February 23 they were filed.

¶ 9        During the morning jury status call on February 23, 2023, the circuit court addressed this case. The prosecutor noted a hearing needed to take place on the section 115-10 motion and the section 115-7.3 motion. She noted a continuance may be necessary to address the motions and proposed March 13 for defendant's trial because it was still within the speedy trial period. The court noted it would not be in session the next day (due to surgery) and the week of March 13. The court proposed a jury trial date of March 27, which was beyond the speedy trial period, but defendant persisted in his right to a speedy trial. The court indicated it would hear the motions in the afternoon. We note the court acknowledged it received paper copies of the motions during the morning session but noted the motions had not been filed.

¶ 10        In the afternoon of February 23, 2023, the circuit court held a section 115-10

- 4 -

hearing and a hearing on all of the motions *in limine*. Defendant objected to the request to admit A.H.'s hearsay statements during the recorded interview asserting the prosecutor had not actually filed the section 115-10 motion yet. He also contended not all of the statements in the video were admissible and noted an incident in Missouri. Defendant further asserted A.H.'s statements in the video were not reliable. The prosecutor explained she does not file motions herself but admitted she should have confirmed the motions were actually filed. She also noted she would redact the statements about the Missouri incident. The court found adequate notice of the section 115-10 motion but denied it because the court was "not sure how it really even assists the trier of fact" because the victim was not "a little child." As to the State's motion to submit propensity evidence under section 115-7.3, defendant again objected to the lateness of the motion noting the lack of time to prepare for the motion. The prosecutor again noted she was unaware the motions had not been filed. She also argued defendant was aware she was going to file a propensity motion and thus should not be able to claim surprise. The court denied this motion as untimely. The State then asked for, in lieu of a denial of the section 115-7.3 motion, a continuance of defendant's jury trial to allow for a hearing on the section 115-7.3 motion. The court observed it was fully booked and asked why the motion had not been timely filed. The prosecutor indicated she had the motions drafted and in the file but did not know why the motions were not filed as she does not personally file them. The court denied the continuance. It also denied the State's motion to bar evidence finding it was untimely. As to defendant's motions *in limine*, the court granted defendant's first and fourth motions and found the second and third motions were moot.

¶ 11 On February 27, 2023, the State filed numerous motions to reconsider. It requested the circuit court to reconsider its decision to deny both of the State's motions *in limine* as well as the State's motion to continue and motion to bar defendant's evidence due to late

discovery. In the motion to reconsider the denial of the section 115-10 motion, the State argued A.H. made very detailed statements about defendant's abuse and set forth 13 statements by A.H. and the timestamp of those statements during the recorded interview. The State indicated those were not the only statements made by A.H. during her interview. At a hearing that same day, the court granted in part and denied in part the State's motion to reconsider its ruling on the section 115-10 motion. The court only allowed the 13 statements of A.H. identified in the State's motion to reconsider. The court denied the motion to reconsider the denial of the section 115-7.3 motion, the motion to bar, and the motion to continue defendant's jury trial. The State then filed a certificate of impairment. Defendant filed a motion to dismiss the bill of indictment with prejudice, which the court denied. The court released defendant on a recognizance bond.

¶ 12　　　　　That same day, the State filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Given defendant's arguments on appeal, we will address jurisdiction in our analysis section.

¶ 13　　　　　　　　　　II. ANALYSIS

¶ 14　　　　　　　　　　A. Jurisdiction

¶ 15　　　　　Defendant asserts this court lacks jurisdiction of the circuit court's orders related to the State's section 115-10 motion. In support of his argument, defendant cites *In re K.E.F.*, 235 Ill. 2d 530, 922 N.E.2d 322 (2009), and *People v. Lee*, 2020 IL App (5th) 180570, 162 N.E.3d 356. The State asserts this court does have jurisdiction under Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017) because the *K.E.F.* decision is distinguishable and the *Lee* decision was wrongly decided. Since our supreme court has instructed reviewing courts to be certain of their jurisdiction prior to addressing an appeal (see *People v. Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008)), we begin by addressing defendant's argument.

¶ 16     Rule 604(a)(1) addresses when the State may appeal and provides the following:

"In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the [Procedure Code]; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017).

Our supreme court has explained an interlocutory appeal by the State is permitted under Rule 604(a)(1) when (1) the substantive effect of the underlying order resulted in (a) quashing a search warrant or (b) suppressing evidence and (2) the prosecutor certified the order substantially impaired the State's ability to prosecute the case. *People v. Sneed*, 2023 IL 127968, ¶ 37. Defendant contends the circuit court's orders related to the State's section 115-10 motion did not have the substantive effect of suppressing evidence.

¶ 17     In *K.E.F.*, 235 Ill. 2d at 533, 922 N.E.2d at 323-24, the State intended to present a recording of statements made by the victim during an interview and sought a ruling on its admissibility under section 115-10 of the Procedure Code (725 ILCS 5/115-10 (West 2006)). The circuit court allowed the admission of the victim's record statements " 'assuming the other provisions of section 115-10 [were] satisfied.' " *K.E.F.*, 235 Ill. 2d at 533, 922 N.E.2d at 324. At the adjudicatory hearing on the delinquency petition, the State limited its questioning of the victim to just the circumstances surrounding the recorded statement, and the court denied admission of the recorded statements. *K.E.F.*, 235 Ill. 2d at 533, 535, 922 N.E.2d at 324-25. Our supreme court found the circuit court's order was unappealable under Rule 604(a)(1) because the order did not have the substantive effect of suppressing evidence, where the admissibility of the evidence was "entirely within the State's control." *K.E.F.*, 235 Ill. 2d at 540,

922 N.E.2d at 328. It observed the order denying the admission of the section 115-10 statements only impacted the means by which the information could be presented, which did not constitute suppression of evidence. *K.E.F.*, 235 Ill. 2d at 540, 922 N.E.2d at 328.

¶ 18        In *Lee*, 2020 IL App (5th) 180570, ¶ 5, as in *K.E.F.*, the State sought to introduce recorded statements of the three victims pursuant to section 115-10 of the Procedure Code (725 ILCS 5/115-10 (West 2016)). After a hearing, the circuit court found all three victims' recorded statements were inadmissible. *Lee*, 2020 IL App (5th) 180570, ¶ 6. As to two of the victims, the court found the State did not provide sufficient evidence of the reliability of their recorded statements. *Lee*, 2020 IL App (5th) 180570, ¶ 6. The State sought to appeal the inadmissibility ruling as to the recorded statements of those two victims and argued *K.E.F.* was distinguishable. *Lee*, 2020 IL App (5th) 180570, ¶¶ 7, 23. The reviewing court observed the conclusion in *K.E.F.* was based on the fact the circuit court's judgment left the State with another option to present the pertinent information through the witness's live testimony. *Lee*, 2020 IL App (5th) 180570, ¶ 23. It emphasized the following language in *K.E.Z.*: " '[t]he substantive effect of the trial court's ruling is the pertinent issue.' " *Lee*, 2020 IL App (5th) 180570, ¶ 23 (quoting *K.E.F.*, 235 Ill. 2d at 540, 922 N.E.2d at 328). While many differences existed between the *Lee* case and the *K.E.F.* case, the *Lee* court found "no meaningful distinction on [that] dispositive point" and concluded it lacked jurisdiction to consider the merits of the State's appeal. *Lee*, 2020 IL App (5th) 180570, ¶ 23.

¶ 19        Recently, the supreme court addressed the applicability of the decisions in *K.E.F.* and *Lee* in the State's appeal from the denial of its motion to compel production of a cell phone's passcode where the defendant argued the circuit court's order did not prevent the State from pursuing the evidence by some other means. *Sneed*, 2023 IL 127968, ¶¶ 1, 43. In addressing the

two decisions, the supreme court noted those cases were distinguishable on the facts and "both cases involved motions to admit evidence that was readily presentable to the factfinder, already in the State's possession, and entirely within the State's control." (Internal quotation marks omitted.) *Sneed*, 2023 IL 127968, ¶ 46.

¶ 20 In this case, the circuit court denied the State's section 115-10 motion, and the State intended for the victim to testify at trial. As such, the *K.E.F.* and *Lee* decisions suggest this court lacks jurisdiction of the circuit court's orders on the State's section 115-10 motion. Even if *Lee* was wrongly decided, the evidence at issue was in the State's possession and entirely within the State's control. See *Sneed*, 2023 IL 127968, ¶ 46. At the hearing on the section 115-10 motion, the circuit court noted not all of the recording was admissible and questioned why the State had not presented a redacted version. The State indicated it agreed some of the statements were inadmissible. However, when it later filed its motion to reconsider the denial of its section 115-10 evidence, the State only set forth a nonexclusive list of 13 statements by A.H. The court granted the motion to reconsider as to the 13 specific statements mentioned in the motion. As such, any other evidence on the recording that the State wanted to present was inadmissible as a result of the State's own actions by not providing a redacted version of the recording or a more extensive list of desired material to the court.

¶ 21 Accordingly, for the reasons stated, this court lacks jurisdiction to review those orders.

¶ 22 Additionally, we note defendant does not challenge this court's jurisdiction of the circuit court's rulings related to the State's section 115-7.3 motion and find we do have jurisdiction of those rulings under Rule 604(a)(1).

¶ 23 B. Propensity Evidence

- 9 -

¶ 24       The State contends the circuit court erred by denying its first motion *in limine* which sought to introduce propensity evidence under section 115-7.3. The court denied the motion because the State did not comply with the court's scheduling order. Defendant contends the court did not err.

¶ 25       Illinois law provides a limited exception to the general rule of inadmissibility for other-crimes evidence intended to show the defendant's propensity to commit crimes. *People v. Ward*, 2011 IL 108690, ¶ 25, 952 N.E.2d 601. Since defendant was going to trial for predatory criminal sexual assault of a child which is one of the offenses listed in section 115-7.3(a)(1) of the Procedure Code (725 ILCS 5/115-7.3(a)(1) (West 2022)), section 115-7.3(b) of the Procedure Code (725 ILCS 5/115-7.3(b) (West 2022)) allowed the State to introduce evidence defendant also committed another of the enumerated sex offenses. See *Ward*, 2011 IL 108690, ¶ 25. "The statute expressly permits this other-crimes evidence to be admitted for any relevant purpose." *Ward*, 2011 IL 108690, ¶ 25 (citing 725 ILCS 5/115-7.3(b) (West 2006)). Our supreme court noted the United States Supreme Court's finding propensity evidence is often highly relevant and, thus, concluded other-crimes evidence is admissible under section 115-7.3 to show a defendant's propensity to commit sex crimes. *Ward*, 2011 IL 108690, ¶ 25 (citing *Michelson v. United States*, 335 U.S. 469 (1948)). However, before the State may introduce the other-crimes evidence, the statute requires the court to conduct a balancing test, weighing the probative value of the evidence against the undue prejudice it may produce against the defendant. *Ward*, 2011 IL 108690, ¶ 25 (citing 725 ILCS 5/115-7.3(c) (West 2006)). Moreover, the State "must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." 725 ILCS 5/115-7.3(d) (West 2022). This court

reviews the propriety of a ruling on the admission of other-crimes evidence for an abuse of discretion. *Ward*, 2011 IL 108690, ¶ 21. An abuse of discretion occurs when the court's ruling is arbitrary, fanciful, unreasonable, or when no reasonable person would adopt the court's view. *Ward*, 2011 IL 108690, ¶ 21.

¶ 26 In this case, the circuit court did not conduct the balancing test. It simply found the motion violated the court's scheduling order and denied the motion as untimely. The court had ordered all motions *in limine* to be filed by January 23, 2023, with a February 2, 2023, hearing date. No motions were filed by the due date for filing motions. Before the February 2 hearing, defendant did file three of his motions *in limine*, and the State filed a motion to continue, which the court granted and set a hearing date of February 23, 2023. Thereafter, defendant filed another motion *in limine*. The State filed its section 115-10 and section 115-7.3 motions sometime on the day of the hearing. Despite all of defendants motions *in limine* and the State's section 115-10 and 115-7.3 motions being filed after the January 23 deadline, the court only found the State's section 115-7.3 motion was untimely. The court noted it had adequate notice of the section 115-10 motion, which presumably was the State saying it was going to file a section 115-10 motion and providing the court with the recording. However, the State had noted at the time the charges were severed it was going to seek to present other-crimes evidence related to the other victims to show propensity. Moreover, defendant clearly had notice the State was seeking to admit the other alleged victims' testimony as propensity evidence given defendant's second motion *in limine* seeking to bar such evidence. Here, the court had notice of a forthcoming section 115-7.3 motion, just like the section 115-10 motion.

¶ 27 While a circuit court has the authority to control its own docket (*People v. Garcia*, 312 Ill. App. 3d 422, 423, 727 N.E.2d 683, 685 (2000)), the court indicated it would hear the

section 115-7.3 motion but then did not address its merits like the other motions. The evidence at issue had been known to the parties for more than eight months because discovery was completed jointly as to all three victims. It was not a surprise and should not have been cumbersome to review. As required by section 115-7.3(d) of the Procedure Code (725 ILCS 5/115-7.3(d) (West 2022)), the State had submitted brief summaries of the other victim's allegations against defendant and their relevance in its section 115-7.3 motion the morning of the hearing. At the motions hearing, the court used language suggesting the existence of a policy of being lax with motion deadlines but then imposed the deadline solely on the section 115-7.3 motion. On the facts before us, the court's treatment of the State's motion appears arbitrary given the court heard the section 115-10 motion despite its also late filing and defendant's late motions. Accordingly, we find the circuit court abused its discretion by denying the section 115-7.3 motion on the basis of untimeliness. While we find the court's ruling arbitrary, we do not condone the State's actions in this case and note both parties are obliged to comply with court-set deadlines.

¶ 28                                    III. CONCLUSION

¶ 29            For the reasons stated, we reverse the Winnebago County circuit court's denial of the State's motion to present propensity evidence under section 115-7.3 of the Procedure Code (725 ILCS 5/115-7.3 (West 2022)) based upon untimeliness and remand the cause for the court to conduct a hearing to determine whether the State's proposed propensity evidence is admissible under the guidelines of section 115-7.3.

¶ 30            Reversed and remanded with directions.